(17 App. Div. 277.)

### CALLAHAN v. O'ROURKE.

(Supreme Court, Appellate Division, Third Department. May 26, 1897.)

ACCOUNT STATED—WHAT CONSTITUTES.

An account stated for medical services rendered by plaintiff to defendant's husband is not established merely by the fact that when plaintiff presented his bill to defendant, after the husband's death, defendant paid a part of it, and offered to make a further partial payment in settlement of the bill, saying that he had better take such part than nothing; there being no evidence that defendant requested plaintiff to attend her husband, or that she had ever had any dealings with him before her husband's death.

Appeal from Saratoga county court.

Action by John J. Callahan against Margaret O'Rourke for medical services rendered to defendant's husband. There was a judgment in favor of plaintiff, and defendant appeals. Reversed.

The return of the justice recites that the "plaintiff makes complaint for medical services, 1895, for $44.50, upon an account stated." The answer was a general denial. The evidence of the plaintiff is: That he rendered services as a doctor for the defendant's husband in his lifetime. That, upon one of his calls, defendant's husband paid him $1. After the husband's death, the plaintiff presented his bill for such services to the defendant. She paid him $5, and offered to pay him $20 in settlement of the bill, saying to him that he had better take $20 or nothing. No evidence was given upon the part of the defendant. The justice rendered judgment against the defendant. The defendant appealed to the county court. The county court affirmed the judgment, and from such judgment of affirmance the defendant appeals to this court.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

John L. Henning (John J. Healey, Jr., of counsel), for appellant.
Willard J. Miner, for respondent.

PER CURIAM. The rendition of the plaintiff's bill to the defendant, her payment thereon of $5, and proposal to settle the same for $20, are relied upon to establish an account stated between the parties. We do not think the facts proved are, under the circumstances of this case, sufficient to establish an account stated between the parties. The plaintiff's own evidence shows that all the services rendered by him were for the defendant's husband personally. There is no pretense that the defendant ever employed him, or in any way suggested or requested that he attend her husband. There were never any dealings between the plaintiff and defendant prior to her husband's death. There was no legal or equitable claim upon the defendant by the plaintiff, and hence there was nothing upon which an account could be stated. Field v. Knapp, 108 N. Y. 87, 14 N. E. 829. The judgment should therefore be reversed.

Judgment of the county court and of the justice's court reversed, with costs and disbursements of this appeal, and with costs and disbursements of the county court and of the justice's court.