KELLOGG et al. v. ROWLAND.

(Supreme Court, Appellate Division, First Department. May 5, 1899.)

1. ACCOUNT STATED—WHAT CONSTITUTES.
    The sending of a statement of account for services by plaintiffs to defendant and its retention without objection by the latter does not make him liable as on an account stated, unless the services in question were rendered at his request.

2. ATTORNEY AND CLIENT—RETAINER—EVIDENCE.
    The defense to an action for legal services rendered in a suit against a third person, part of which it was alleged defendant had agreed to pay because the defense would inure to his benefit, he being equally liable on the obligation sued on, was that defendant had agreed with the person for whom the services were rendered that he would share the expenses of the defense, but that he had made no agreement with the attorneys. A check drawn by defendant to the order of the attorneys was produced to show a retainer, but the person for whom the services were rendered testified that the check had been given to him and he had given it to the attorneys. Held, that testimony that defendant had given the check to such person at the latter's request was competent, as showing that defendant's agreement was with him and not with the attorneys.

Appeal from trial term, New York county.

Action by Luther Laflin Kellogg and others against John T. Rowland. From a judgment for plaintiffs, and from an order denying a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Charles D. Ridgway, for appellant.
L. Laflin Kellogg, for respondents.

McLAUGHLIN, J. The defendant appeals from a judgment entered against him upon the verdict of a jury and from an order

denying a motion for a new trial. The action was brought to recover for legal services. Two causes of action are set forth in the complaint,—one on an account stated, the other for services rendered and moneys paid, laid out, and expended. All the services embraced in both the first and second causes of action related to one litigation, but in different stages thereof. The defendant, Rowland, and one Claffy were sureties on a bond upon which an action was begun against them by the Bath Gaslight Company. Claffy alone was served with process. The plaintiffs were employed by Claffy to defend the action, and they conducted the defense and rendered service in the suit from its commencement until it was finally disposed of in the court of appeals. Although Rowland was never served with process and never appeared in the Bath Company action, the present plaintiffs claim that he is liable for one-half of their charges in that suit, and that he agreed with them to pay one-half of such charges because he was liable upon the bond in the same way that Claffy was. The plaintiffs' witness gave evidence tending to show that Rowland agreed to pay half the expenses of defending the suit, and in support thereof produced in evidence a check for $100 drawn by Rowland on his bank to the order of the plaintiffs, which check was duly paid. The check, it was claimed, was given by Rowland to the plaintiffs on account of a retaining fee in the Bath Company suit. The employment of the plaintiffs by the defendant is alleged to have been made in October, 1890. In November, 1893, the plaintiffs claim to have rendered an account for services to the defendant up to that date, and they aver that such account was received and retained without objection thereto, and that the same became an account stated between the parties as to the balance appearing on the statement. The defendant, Rowland, denied the employment of the plaintiffs, or that he ever became indebted to them, or that they rendered any service to him, and in his testimony he denies facts sworn to by one of the plaintiffs relating to conversations and acts by which he was sought to be bound to the plaintiffs.

There was a distinct issue on the question of employment. Rowland's account of his relations with the plaintiffs was that he, recognizing to some extent the fact that Claffy's defense, if successful, might inure to his benefit, agreed with Claffy to pay to him some portion of the expenses of defending the Bath Company suit. He showed that the $100 check was not sent by him to the plaintiffs, but that he gave it to Claffy, who forwarded it to the plaintiffs. The defendant also swore, in substance, that no relation of attorneys and client was ever established between him and the plaintiffs. On the whole testimony, the court directed a verdict in favor of the plaintiffs on the cause of action on the account stated. This direction was manifestly erroneous. The mere sending of an account to the defendant and the retention of that account would not give the plaintiffs a cause of action, unless an employment to render services mentioned in that account was also established. That was directly an issue. The testimony upon the subject was conflicting, and it was an issue which should have been

decided by the jury. There was also a serious error in the rejection of evidence made at the trial. One of the most important factors in the case was the $100 check. The claim of the plaintiffs was that that check proved a relation existing directly between them and Rowland. Claffy was called as a witness by the defendant. He testified that the check was made out at his office by Rowland and handed to him by Rowland, and he (Claffy) either took it or sent it down to the plaintiffs. He was then asked whether Rowland drew that check at his (Claffy's) request, and that was excluded. The question should have been answered. Rowland's contention was that his agreement concerning sharing expenses of the litigation was a personal contract made with Claffy, indefinite as to amount, and enforceable by no one but Claffy, if enforceable at all. He had the right to explain how and why that $100 check, upon which the plaintiffs so confidently relied, was given, and he should have been permitted by this witness to show that it was at Claffy's request and only in conformity with an arrangement he had made with Claffy and for Claffy's benefit alone. By giving this check the appearance of being a payment on account for services rendered by the plaintiffs to Rowland, they sought to have it inferred that the relation of attorneys and client existed between them and Rowland. The excluded evidence would have tended to show that such an inference had no foundation.

The judgment and order appealed from must be reversed, and a new trial ordered, and with costs to the appellant to abide the event. All concur.

