WILLIAM ALLEN & CO. v. SOMERSET HOTEL CO.

(Supreme Court, Appellate Term. June 23, 1904.)

1. ACCOUNT STATED—SENDING OF STATEMENTS—EFFECT.
　　The sending of statements of account to one who had not incurred the indebtedness, and who paid no attention to such statements, could not make him liable upon the indebtedness, which was in fact that of another.

2. CORPORATIONS—ASSUMPTION OF INDEBTEDNESS—PROMISES OF PRESIDENT.
　　A promise to pay an indebtedness, made by the debtor after he became president of a company which succeeded to his business, even if made by him as president, is not binding upon the company.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by William Allen & Co. against the Somerset Hotel Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and SCOTT, JJ.

Edwin Louis Garvin, for appellant.
Ferguson & Sinnott, for respondent.

FREEDMAN, P. J. There is no material dispute as to the facts in this case. Prior to October 14, 1903, the defendant had no exist-

ence, having been incorporated on that day. In July and August, 1903, plaintiff had sold and delivered certain goods to one Champion, who was then the proprietor of the Hotel Somerset. The goods amounted to the sum of $91.25, and were billed by plaintiff to the Hotel Somerset. After the incorporation of the defendant, Champion became its president, and in November or December, 1903, a conversation took place between Champion and a salesman of the plaintiff. Although there is some conflict in the testimony as to the exact language used by the parties to this conversation, if we give the plaintiff the benefit of the salesman's ·version it entirely fails to create any cause of action against this defendant. The salesman testified that he asked Champion "if I could collect the account for William Allen &·Co. I did not tell him what the account was. He said he had mislaid some of the bills, and wanted to know if I would send him up duplicate bills and come up the following, week. * * * He would settle it up." Subsequently the salesman called upon Champion and told him the amount of the bill was $91.25, and Champion said he would send a check for it. It also appears that several statements of this account were sent to the defendant, to which no attention was paid. Based upon this state of facts, plaintiff sued, alleging that "an account was stated between the plaintiff and the president of the defendant," etc., and obtained the judgment herein appealed from.

The testimony given on behalf of the plaintiff fails to warrant a judgment in their favor. There is no claim made, nor evidence given, that the defendant ever assumed or agreed to pay the debts of Champion, either with or without consideration. The sending of statements of account to the defendant, it never having incurred the indebtedness, could not make it liable upon the indebtedness of Champion, and the subsequent promise to pay, alleged to have been made by Champion after he became the president of the defendant, even if we should assume that such promise was made by him as president, of which there is no evidence, would not be binding upon the corporation.

Judgment reversed. New trial ordered, with costs to the appellant to abide the event. All concur.