### BAUER v. AMBS.

(Supreme Court, Appellate Division, Second Department. April 21, 1911.)

1. ACCOUNT STATED (§ 3*)—ESSENTIALS.

An account stated must be based on previous transactions out of which the debt arose, and the relation of debtor and creditor must exist between the parties as to all the items; such an account merely determining the amount of an existing valid debt, and being unavailing to create a debt where none existed.

[Ed. Note.—For other cases, see Account Stated, Cent. Dig. § 13; Dec. Dig. § 3.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. HUSBAND AND WIFE (§ 159*)—CONTRACTS—VALIDITY—WANT OF CONSIDERATION.

A wife's promise to pay her husband's accrued debt is void, when not supported by consideration.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 629, 630; Dec. Dig. § 159.*]

3. FRAUDS, STATUTE OF (§ 17*)—PROMISE TO PAY ANOTHER'S DEBT.

A wife's oral promise to pay her husband's accrued debt is void under the statute of frauds.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 16, 17; Dec. Dig. § 17.*]

4. ACCOUNT STATED (§ 19*)—EVIDENCE—WEIGHT.

Finding of an account stated in a suit against a debtor's wife *held* against the weight of the evidence.

[Ed. Note.—For other cases, see Account Stated, Cent. Dig. § 91; Dec. Dig. § 19.*]

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by Fritz Bauer against Augusta Ambs. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

See, also, 127 N. Y. Supp. 1111.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Maxson & Jones, for appellant.

Julius S. Belfer, for respondent.

RICH, J. The complaint alleges that an account was stated between the plaintiff's assignor and defendant, and that upon such statement the sum of $340.20 was found to be due from defendant to said assignor, which, although demanded, was unpaid. The answer denies each and every allegation of the complaint.

[1] The principles applicable to an account stated are well settled. It must be based on previous transactions out of which the indebtedness arose. The relation of debtor and creditor must exist between the parties as to the items forming the account, and all of them. Such an account cannot be made the instrument to create a liability where none existed, but only determines the amount of an existing valid debt.

It appears that in 1905 the defendant loaned to her husband, John Ambs, $1,200, with which he engaged in the business of buying and selling meat in a building owned in part by the defendant, for which he paid rent. He conducted the business in his own name, which was upon his signs and stationery. He purchased in his own name, paid with his own checks, kept his own bank account, and made out and collected his bills receivable in his name. The defendant had no interest in or connection of any kind with such business prior to July 1, 1910, if ever. From January 16, 1906, he did business with plaintiff's assignor, who had no business dealings of any kind with the defendant prior to said July 1st. On that day plaintiff's husband was indebted to plaintiff's assignor for meats purchased of him in an amount approximating $400.

The plaintiff called but one witness, Wright, who testified that on June 27, 1910, he was employed by plaintiff's assignor; that he went

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to the place of business of defendant's husband to procure a payment on the account, and was promised by Mr. Ambs a check for at least $200, which he called for on July 1st following. He says:

"Mr. Ambs handed me a check for $150 which I wasn't satisfied with. I said: 'Mr. Ambs, this will not do. We cannot give you any more meat if I don't see any more money.' Then Mrs. Ambs says: 'Ain't I good enough for it? Ain't my credit good? I own the house and I own the shop.' I said: 'Well, that is a surprise to me, Mrs. Ambs. I never knew that.' Mrs. Ambs said: 'I will pay that, and you keep on selling Mr. Ambs the meat as before.' I said: 'Well, if that is the case, I will have to charge the goods to you.' She said: 'No; you just keep on charging up to John Ambs, and I will pay the bills.'"

The witness testifies: That on August 15th following he presented to the defendant a bill made out to her husband for $340.20, composed of two items, $14.69 for three lambs, and $325.51 balance, and told her:

"'We have to have some more money.' Mrs. Ambs said: 'You don't have to be afraid. I will pay you.'"

That she did not dispute the bill, or say anything about it, except that she would pay it. This is the evidence upon which the plaintiff relies as establishing his cause of action of an account stated. Wright testified that, of the bill presented, but $100 was sold after his conversation with the defendant on July 1st. The balance was the indebtedness of her husband existing at that time. Giving the conversation the greatest weight which can be claimed for it, it did not obligate the defendant for the past indebtedness of her husband.

[2, 3] As to his balance of account, her oral promise to pay was void, both because of there being no consideration to support it, and under the provisions of the statute of frauds. The bill embraced $240, an indebtedness for which she was not legally liable.

[4] The essential elements of an account stated are lacking, and the appellant's exception to the refusal of the trial court to dismiss the complaint for that reason presents reversible error. In addition, the witness Wright testifies that his conversation with the defendant on July 1st took place in her husband's store and in his presence. The defendant testifies that she never had any conversation with Wright anywhere, and specifically denies the conversations to which he testified; that she was never in her husband's store during business hours. She is corroborated by her husband and by one of his employés, present in the store every day in June, July, and August, 1910, and it further appears by the evidence of a third party that on August 22, 1910, a week after plaintiff claims the account was stated with the defendant, the witness Wright presented the bill to defendant's husband and demanded its payment. I think the evidence so strongly preponderates against the plaintiff's contention that for that reason, also, the judgment should not stand.

Judgment of the Municipal Court reversed, and a new trial ordered; costs to abide the event.

THOMAS, CARR, and WOODWARD, JJ., concur. JENKS, P. J., concurs in result.