TORIC OPTICAL CO. v. BECHTOLD.

(Supreme Court, Appellate Term, First Department. January 9, 1913.)

1. ACCOUNT STATED (§ 3*)—RIGHT OF ACTION.

 The mere sending to B. of statements of account for goods sold to B., Incorporated, whether followed by B.'s inattention or his verbal promises to pay the debt of the corporation, does not establish an account stated or make B. liable for the indebtedness of the corporation.

 [Ed. Note.—For other cases, see Account Stated, Cent. Dig. § 13; Dec. Dig. § 3.*]

2. ACCOUNT STATED (§ 1*)—REMEDIES OF SELLER—GOODS SOLD AND DELIVERED.

 Defendant, if liable for goods sold his assignor after an assignment of a business, was liable in an action for goods sold and delivered, and not in an action on an account stated, including many items for which liability had not been established.

 [Ed. Note.—For other cases, see Account Stated, Cent. Dig. §§ 1–9; Dec. Dig. § 1.*]

 Appeal from City Court of New York, Trial Term.

 Action by the Toric Optical Company against August C. Bechtold. From a judgment entered in favor of the plaintiff on a verdict for $700.27 and costs, and from an order denying a motion for new trial, defendant appeals. Reversed, and new trial ordered.

 Argued December term, 1912, before SEABURY, GUY, and GERARD, JJ.

 B. W. B. Brown, of New York City, for appellant.

 Goldbaum & Sammon, of New York City (P. H. Goldbaum, of New York City, of counsel), for respondent.

 GUY, J. The plaintiff sues upon an account stated. The answer sets up a general denial. Plaintiff offered parol evidence of two witnesses tending to show that it rendered the defendant the account in question from its ledger; that he admitted its correctness and promised to pay it a little later on. Neither the account nor the ledger was offered in evidence, however. Defendant denied making any such admission or promise, and called as a witness his father, who testified that the account was his (the father's) old debt for optical goods; that he had assigned his interest in the optical business, known as A. Bechtold, Incorporated, to his son. The defendant also produced proof of an unsuccessful offer to settle on behalf of the corporation at 50 cents on the dollar.

 [1] The proof that the actual debt was for goods furnished to A. Bechtold before the business was assigned to the defendant was uncontradicted, and appeared from the dates of the items in the bill of particulars. The mere sending to defendant A. Bechtold of statements of account for goods sold to A. Bechtold, Incorporated, whether followed by his inattention or by his alleged verbal promises to pay the debt of the corporation, does not establish an account stated, or make him liable for the indebtedness of A. Bechtold, Incorporated.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Wm. Allen & Co. v. Somerset Hotel Co. (Sup.) 88 N. Y. Supp. 944; Callahan v. O'Rourke, 17 App. Div. 277, 278, 45 N. Y. Supp. 764; Kellogg v. Rowland, 40 App. Div. 416, 418, 57 N. Y. Supp. 1064; Bauer v. Ambs, 144 App. Div. 274, 276, 128 N. Y. Supp. 1024.

[2] Defendant is not shown to have been liable for goods sold A. Bechtold prior to the assignment of the business to him. If liable for goods sold A. Bechtold after the assignment, such liability was enforceable in an action for goods sold and delivered, and not in an action on an account stated, including many items for which liability has not been established.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.