## DIMOCK v. W. F. ROBERTS CO.

(Court of Appeals of District of Columbia. Submitted October 11, 1923. Decided November 5, 1923.)

No. 3929.

1. **Principal and agent** ⬯124(3)—**Evidence held to authorize submission to jury on theory that defendant authorized agent to order stationery.**

In an action on a bill for stationery, delivered to an association of which defendant was president, evidence *held* to authorize submission of the case to the jury on the theory that defendant authorized her agent to give the order on her credit.

2. **Account stated** ⬯20(1)—**Whether there was an account stated held for jury.**

Evidence that defendant authorized her agent to order stationery for an association, and she orally recognized the correctness of the bill for the stationery, *held* to authorize submission to the jury of the issue whether there was an account stated.

3. **Appeal and error** ⬯263(1)—**Instruction to which no exception was taken not properly before Court of Appeals.**

Whether an instruction to which no exception was taken is correct in point of law will not be decided on appeal, as it is not properly before the Court of Appeals.

Appeal from the Supreme Court of the District of Columbia.

Action by the W. F. Roberts Company against Susan Whitney Dimock. Judgment for plaintiff, and defendant appeals. Affirmed.

Charles S. Baker and H. R. Burton, both of Washington, D. C., for appellant.

Tench T. Marye and William C. Prentiss, both of Washington, D. C., for appellee.

Before SMYTH, Chief Justice, ROBB, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

SMYTH, Chief Justice. W. F. Roberts Company, a corporation, brought action against Mrs. Susan W. Dimock to recover for a bill of stationery which it had delivered to the George Washington Memorial Association on the order of her agent. It secured judgment for the amount demanded, and Mrs. Dimock brings the case here for our review, assigning two errors, viz.: (1) That the court erred in refusing

to direct a verdict for her; and (2) in instructing the jury on the question of the account stated between her and the corporation.

With respect to the first assignment the controversy relates to the scope of the authority given by Mrs. Dimock to her agent, one Harvey. There is no dispute concerning the material facts. The debate has reference to the inference to be drawn from them.

[1] Mrs. Dimock requested Mr. Roberts, secretary and manager of the appellee corporation, to call at her home. He did so, and there found her and Harvey. She introduced the latter to him, and said he had been employed by her as publicity agent of the George Washington Memorial Association, of which it appears she was president. She instructed Roberts to honor Harvey's orders for stationery for the association, and said she would pay for whatever he obtained. Relying on this authority, the corporation filled Harvey's orders. Monthly statements were rendered to Mrs. Dimock, and on July 23, 1920, an itemized bill was sent to her, showing a balance due of $10,466.09. In this bill were certain items marked "A. B. A." which had been ordered by Mr. Harvey, who stated at the time he gave the order that they were to be used in connection with the work of the George Washington Memorial Association. There is no testimony that they were not so used. Mrs. Dimock asserts that Harvey was not authorized by her to order them, and denies all responsibility for them. They are the only items in the bill which she disputes.

Mrs. Dimock's secretary, in the fall of 1920, at the instance of Mrs. Dimock, asked Mr. Roberts what was meant by the letters "A. B. A." in the bill submitted, and was told by him that they stood for "American Business Association." On September 27, 1920, Mrs. Dimock wrote to the corporation that she was then not able to pay the bill, and it would be impossible to do so until she succeeded in raising more money. Later on in the same year Mr. Roberts personally requested her to make a payment on account. She stated to him that, "while she knew every cent was due," she was unable at that time to accede to his request. A short time thereafter she sent to the corporation a check for $5,000, and in the letter which accompanied it asked the corporation to wait as long as possible for the remainder of the bill. Other payments were made afterwards, so that the balance alleged to be due at the time action was instituted was $1,550.34. Only $1,016.25 is in controversy, being the amount of the "A. B. A." items.

From the foregoing the jury was authorized to find that Harvey was fully empowered by Mrs. Dimock to order printing matter from the corporation for the George Washington Memorial Association, and that she had agreed to pay for whatever he ordered; that, when ordering the items in dispute, Harvey said to Roberts that they were for that association, and that there was no denial that they were used for its benefit; that, in view of the commission to Harvey by Mrs. Dimock, there was nothing to cause Roberts to doubt Harvey's word when he said the A. B. A. goods were for the George Washington Memorial Association, and that he (Roberts) was not bound at his peril to inquire whether Harvey's statement was true; that Mrs. Dimock knew the

items were for the American Business Association when she declared to Roberts that she knew every cent of the bill was due, paid the $5,000 on account, and in writing asked for time on the balance, and with this knowledge failed to deny responsibility for the items in question until February 11, 1921. If the jury found those things, it would be their duty to return a verdict for the plaintiff; consequently the court did not err in refusing the request for a peremptory instruction.

[2] At the close of the testimony the court announced that it would submit to the jury the question as to whether or not there was an account stated. To this ruling defendant excepted. Thus was preserved the point as to whether or not the matter should have been sent to the jury. Appellant argues that, where goods charged for were not ordered by a defendant, a mere acquiescence in the account, or an oral recognition of its correctness by him, is not sufficient to establish an account stated, since no one may be held for the debt of another unless he binds himself in writing to discharge it, and authorities are cited to support this position. Martyn v. Amold & Co., 36 Fla. 446, 18 South. 791; Bauer v. Ambs, 144 Div. 274, 128 N. Y. Supp. 1024. We may concede that the argument is sound, but it does not fit this case, because there is ample evidence here, as we have shown, to support a finding that the items in dispute were ordered by authority of Mrs. Dimock, and, this being so, it was entirely proper to submit the question to the jury.

[3] As to whether the instruction by which it was submitted is correct in point of law we do not decide, because no exception was taken to it, and therefore it is not properly before us for decision.

The judgment must be, and it is, affirmed, with costs.

Affirmed.