FRANK A. WILLARD and Another, Respondents, *v.* PHILIP S. LEWIS, Appellant.*

Supreme Court, Appellate Term, First Department, April 30, 1931.

*Wollman & Wollman* and *Robert G. Starr* [*Aaron B. Coleman* of counsel], for the appellant.

*White & Case* [*Thomas Kiernan* of counsel], for the respondents.

LEVY, J.   This is an appeal from an order of the City Court in so far as it denied the defendant's motion to dismiss the second cause of action.   Two causes were stated, the first for damages for breach of an alleged agreement by the defendant to purchase stock from the plaintiffs, and the second on an account stated arising from the transaction.   Defendant pleaded the Statute of Frauds, and plaintiffs admitted in their reply that the original contract, which it was alleged had been breached, was oral.

There having been no delivery or payment, the court below dismissed the first cause of action, but it held that the second, alleging that plaintiffs had sent a statement of account to defendant, which he retained without objection, was sufficient.   The court ruled that an account stated could be binding even though a claim upon the original transaction, which it purported to state, might be unenforcible by reason of the Statute of Frauds.   In thus holding, it cited high text authority.   (3 Williston Cont. § 1863; 4 Page Law of Cont. § 2524.)

Notwithstanding the respect to which the views of these eminent writers are entitled, they seem not to be entirely in accord with the weight of judicial authority.   In *Brauer* v. *Lawrence* (165 App. Div.

* Revg. 139 Misc. 535.   See *contra, Parsons* v. *Bachelor* (140 Misc. 413).

8) the Appellate Division in this department, citing *Bauer* v. *Ambs* (144 App. Div. 274), said that it was essential to the validity of an account stated that there be a " valid indebtedness." It is argued by respondent that the indebtedness was valid even though not enforcible because of the Statute of Frauds, and that it furnished good consideration for a subsequent oral account stated. This, however, is not the conclusion that follows from a consideration of *Bauer* v. *Ambs* (*supra*). In that case, a woman, after her husband had incurred an indebtedness, orally agreed to pay it. Subsequently, when a statement of account was presented, she orally reaffirmed her liability. In refusing to hold her to her oral promise, the court said (at p. 276): " As to his balance of account, her oral promise to pay was void both because of there being no consideration to support it and under the provisions of the Statute of Frauds."

This language seems to imply that the agreement which is the consideration for the account stated must be both valid and enforcible. An oral agreement within the purview of the Statute of Frauds (Pers. Prop. Law, § 85, as added by Laws of 1911, chap. 571) may be valid at the election of the party sought to be bound, but if he chooses to avail himself of the statute, the agreement indeed is unenforcible. It follows that the second cause of action is insufficient.

This seems to be the result arrived at in *Lemere* v. *Elliott* (6 H. & N. 656). There a verbal agreement was entered into between a seller and buyer, the latter, in place of a deposit, offering an I. O. U., which the seller accepted. On the buyer's failure to complete the purchase, the seller brought an action upon an account stated. In deciding against the seller, POLLOCK, C. B., said: " An I. O. U. professes to be the result of an account stated in respect of a *debt due;* and it is important not to make fiction supply the place of truth, and say that an account has been stated in respect of a debt, when in reality there was none " (italics mine), and MARTIN, B., added: " and so long as it [*i.e.*, the contract] remains unexecuted there is no consideration for an account stated."

We have arrived at a similar conclusion in *Bogert* v. *Herzog* (January, 1931, term) upon a parallel state of facts.

Order in so far as appealed from reversed, with ten dollars costs and disbursements, and motion granted.

All concur; present, LYDON, LEVY and FRANKENTHALER, JJ.