LEWIS H. PARSONS and Others, Doing Business under the Firm Name and Style of GRAHAM, PARSONS & Co., Respondents, *v.* BRONSON BATCHELOR, Appellant.*

First Department, November 27, 1931.

*Sidney C. Crane,* for the appellant.

*Bruce Bromley* of counsel [*Samuel B. Stewart, Jr.,* with him on the brief; *Cravath, de Gersdorff, Swaine & Wood,* attorneys], for the respondents.

McAVOY, J. The defendant sets up a defense of the Statute of Frauds against a cause of action based upon certain agreements for the sale of various choses in action for more than fifty dollars, which were not in writing, nor was any memorandum thereof in writing ever subscribed by defendant or his lawful agent. Neither was there delivery at the time of the sale; nor acceptance of the property purchased, and no part payment was ever made. (See Pers. Prop. Law, § 85, as added by Laws of 1911, chap. 571, known as the Sales of Goods Act.)

It is alleged in the complaint that an account was stated between the parties of the transactions aforesaid, which account showed

---

* Revg. 140 Misc. 413.

a balance due and owing by defendant to plaintiffs over and above all sums received from defendant or for which he was entitled to credit, which said account was delivered to and received and accepted by him without objection being made thereto or to any item thereof. A copy of said account as so stated is annexed to and made a part of the complaint.

A motion at Special Term was made to strike out the defense of the Statute of Frauds to the plaintiff's cause of action thus alleged, it being urged that, notwithstanding the legal unenforcibility of the contract itself, the moral obligation arising from the promise affords a consideration for the new promise made to pay the account stated implied in the acceptance and retention without objection of the account.

There are authorities which assert this view and hold that an account may be stated of an agreement which may not be enforced by reason of the bar of the statute, and that such an account so stated is enforcible.

There are, however, opposing views of legal writers and jurists who argue that the ban of the statute on unenforcible contracts extends to any device calculated to evade the legislative mandate rendering unenforcible the original obligation.

A right of action of perpetual unenforcibility is a metaphysical subtlety, which cannot base a consideration for the new promise contained in the acceptance and agreement implied in the account stated, and we incline to the view that the public policy of the State which renders unenforcible an oral sale of unaccepted goods, where the value of the article is fifty dollars and upwards, could not be carried out, and the whole purpose of the enactment of the Statute of Frauds would be thwarted and rendered nugatory if an evasion so facile were tolerated by judicial lawmaking.

The account stated can only determine the amount of the debt where a liability exists and will not be permitted to be made the instrument to create a liability where none existed before. Merely changing the form of the action to evade the bar of the statute creates no new liability. A party may plead even against an account stated so many of the items as are unenforcible by action because of the statute's bar, and these will be deemed *choses*, to which the account stated cannot relate.

We think, therefore, that the defense was good and should not have been stricken out.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

FINCH, P. J., MERRELL, MARTIN and SHERMAN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.