CHARLES W. LEFLER, Respondent, *v.* JOHN KIRKLAND CLARK, Appellant.

First Department, May 1, 1936.

*John Kirkland Clark,* appellant, appearing in person.

*Charles W. Lefler* respondent, appearing in person.

COHN, J. The action is for libel. The appeal is by defendant from an order denying his motion made pursuant to rule 112 of the Rules of Civil Practice and section 476 of the Civil Practice Act, for judgment dismissing the complaint " upon the pleadings and upon the admissions of the plaintiff." Defendant urges that the complaint is legally insufficient because the statements complained of were made by him as an attorney in a printed brief on appeal

and were pertinent to the issues therein raised and are, therefore, absolutely privileged.

The court at Special Term denied the motion, stating in its opinion that the defamatory words " were not pertinent or material to the issues involved in the action in which they were made and, therefore, do not justify a judgment on the pleadings." While we are of the opinion that the motion was properly denied, we nevertheless believe that the question as to the pertinency and materiality of the alleged libelous statements should not be decided upon this motion.

The law is well settled that statements made by an attorney in the course of a judicial proceeding are absolutely privileged and that the privilege embraces anything which may possibly be pertinent. (*Andrews* v. *Gardiner*, 224 N. Y. 440, 445.) Wide range is permitted on the question of what is pertinent and material, as is evidenced by the language of the Court of Appeals in the case of *People ex rel. Bensky* v. *Warden*, 'etc. (258 N. Y. 55), where the court said (at p. 60): " It cannot reasonably be said that the words used by the appellant in the petition in the mandamus proceeding were not by any possibility pertinent or that they were so clearly impertinent and needlessly defamatory as not to admit of discussion. The petition prayed for an order of mandamus. The granting of the order rested in the sound discretion of the court. Any allegation which appellant or his counsel could possibly have believed would tend to influence the court to grant the order cannot be said to be impertinent beyond any question."

Such a liberal view has apparently been adopted " because the due administration of justice requires that the rights of clients should not be imperiled by subjecting their legal advisers to the constant fear of suits for libel or slander." (*Youmans* v. *Smith*, 153 N. Y. 214, 219, 220.)

The defense of privilege is one of law for the court. (*Frank* v. *Zuch*, 240 App. Div. 109, 111; affd., 265 N. Y. 663; *People ex rel. Bensky* v. *Warden, etc., supra.*) To determine whether that defense has been sustained requires an adequate presentation of the facts and a consideration of the record of the litigation in which the alleged libel was uttered. This cannot be done upon a motion for judgment on the pleadings where, as here, the pleadings do not disclose all the necessary facts.

Defendant, claiming the right to show " the admissions of a party " under section 476 of the Civil Practice Act, submitted an affidavit which set forth claimed admissions of facts by plaintiff contained in two of plaintiff's affdavits submitted in support of a motion in this action to strike out parts of the answer of the defendant.

The submission of this affidavit in aid of the motion for judgment on the pleadings was improper. That affidavits will not be considered upon such a motion is well settled. (*Merchants Loan & Investment Corp.* v. *Abramson*, 214 App. Div. 252; affd., 242 N. Y. 587; *Germini* v. *N. Y. Central R. R. Co.*, 209 App. Div. 442; *Partenfelder* v. *People*, 157 id. 462, 466; affd., 211 N. Y. 355.)

Nor may affidavits be considered under section 476 of the Civil Practice Act except, perhaps, for the purpose of establishing such admissions of a party as are contemplated by the statute. The Court of Appeals in construing the provisions of this section of the Civil Practice Act has stated that " The words ' admissions of a party or parties ' refer to admissions made in the action, and intended to be treated as a part of a pleading or made to avoid some question arising on the pleadings." (*Lloyd* v. *R. S. M. Corp.*, 251 N. Y. 318, 320.) They do not relate to matters whether oral or written which might be competent evidence at a trial as admissions against interest, for such admissions might be met by other proof which would deprive them of their conclusive force. Issues of fact thus raised obviously cannot be determined except upon a trial.

The admissions intended by section 476 of the Civil Practice Act are admissions made in the action as such, which are designed to have the same binding effect as admissions in the pleadings (*Clark* v *Dodge*, 269 N. Y. 410, 412), for example, admissions of fact by a party supplied pursuant to the provisions of section 323 of the Civil Practice Act to avoid a question arising on the pleadings (*Mack, Miller Candle Co.* v. *Macmillan Co.*, 239 App. Div. 738; affd., 266 N. Y. 489), admissions contained in the statements of a bill of particulars, which is regarded as part of a pleading (*Maxherman Co., Inc.,* v. *Alper*, 210 App. Div. 389, 391), written stipulations entered into as to the facts for the purpose of supplementing the pleadings.

Eliminating from consideration, as we must, the affidavit containing the so-called admissions, this court is unable to decide upon the allegations in the complaint unaided by proof of other facts whether the statements complained of were, by any possibility, pertinent or material to the issue in the action in which they were made. That question of law can only be determined in this case upon a disclosure of all material facts and upon an examination of the record of the litigation in which they were uttered.

The order appealed from should be affirmed, with twenty dollars costs and disbursements.

MARTIN, P. J., TOWNLEY, UNTERMYER and DORE, JJ., concur.

Order unanimously affirmed, with twenty dollars costs and disbursements.