PETER WILSON, Doing Business as PETLYN SPECIALTY COMPANY, Plaintiff, *v.* GOTHAM INSTRUMENT Co., INC., Defendant.

Supreme Court, Special Term, Queens County, December 1, 1950.

*Parker, Chapin & Flattau* for defendant.

*Fanning, Fanning & La Pasta* for plaintiff.

HALLINAN, J. The defendant, in an action on an account stated, interposed the defense that " the purported account stated * * * is void for want of any consideration whatsoever." It also asserted a counterclaim for at least $3,970 as damages for the plaintiff's failure to supervise the installation and the service after installation of certain instruments manufactured and sold by the defendant to a third party. The defendant has now moved for judgment on the pleadings dismissing the complaint " upon the ground that the defense of lack of consideration is sufficient as a matter of law to defeat the plaintiff's claim ".

It has been held that an account stated " cannot be made the instrument to create a liability where none existed " (*Bauer* v. *Ambs,* 144 App. Div. 274, 275) and that the ban of the Statute of Frauds " on unenforcible contracts extends to any device calculated to evade the legislative mandate rendering unenforcible the original obligation " (*Parsons* v. *Batchelor,* 233 App. Div. 517, 518).

It is urged by the movant that since the plaintiff's bill of particulars states that the prior indebtedness of the defendant to the plaintiff arose from an oral agreement to pay commissions to the plaintiff on the sale of certain temperature controls to Botany Mills, Inc., there was no consideration for the account stated (*Willard* v. *Lewis,* 140 Misc. 39 [App. Term, 1st dept.]) since the oral agreement is unenforcible under the holding in *Cohen* v. *Bartgis Bros. Co.* (264 App. Div. 260, affd. 289 N. Y. 846).

The plaintiff objects, however, to the consideration of the bill of particulars upon this motion or of the defense of want of consideration asserted in the answer.

It is well settled that on a motion by a defendant for judgment on the pleadings, the defenses in his answer may not properly be considered, the motion being treated solely as one attacking the legal sufficiency of the complaint. (*Staten Island Edison Corp.* v. *Maltbie,* 270 App. Div. 55, 58, affd. 296 N. Y. 374; *Lipkind* v. *Ward,* 256 App. Div. 74, 75; *Ernest* v. *Ernest,* 97 N. Y. S. 2d 725.) Section 476 of the Civil Practice Act, however, permits judgment in favor of any party and against any party at any stage of an action " if warranted by the pleadings

or the *admissions* of a party or parties ". (Italics supplied.) Any specification intended to be treated as a part of a pleading, or made to avoid some question arising on the pleadings, will be considered as an admission within the meaning of section 476 of the Civil Practice Act (*Lloyd* v. *R. S. M. Corporation*, 251 N. Y. 318, 320), provided it is conclusive and not merely evidentiary (*Town of Islip* v. *Daly*, 277 App. Div. 799). Thus, admissions by a party, furnished pursuant to the provisions of section 322 of the Civil Practice Act, are available upon a motion for judgment on the pleadings as well as " written stipulations entered into as to the facts for the purpose of supplementing the pleadings." (*Lefler* v. *Clark*, 247 App. Div. 402, 404.) Since bills of particulars are regarded as part of a pleading, admissions therein contained may be considered upon a motion for judgment on the pleadings. (*Lefler* v. *Clark*, *supra*.)

It is true that the Court of Appeals has held in *Harmon* v. *Peats Co.* (243 N. Y. 473) that a bill of particulars furnished by a plaintiff after the answer is served does not render the complaint bad on a motion for judgment on the pleadings, notwithstanding that it discloses a state of facts not pleaded in the complaint which would render the Statute of Frauds or the Statute of Limitations good defenses if pleaded in the answer. However, that holding is inapplicable to the instant case inasmuch as the answer raises the material issue of consideration upon which the plaintiff's cause of action on the alleged account stated must rest. Manifestly, if the admissions in the bill of particulars establish that the agreement, which was the consideration for the account stated, is unenforcible, then the futility of the plaintiff proceeding under the pleadings is conclusively demonstrated. (*Richardson* v. *Gregory*, 219 App. Div. 211, affd. 245 N. Y. 540.)

In the case at bar, however, the plaintiff has stated in his bill of particulars and in his amended bill of particulars not only that the agreement to pay commissions was oral, but that in the early part of 1948, the defendant received an order for sixty instruments, whereupon the plaintiff went to the office of the defendant's general manager reminding him of the commission agreement and requesting that a copy of each and every invoice be sent to him and that each should contain the amount of commissions to be paid; that such general manager agreed to this and " has to this date sent invoices showing the sale of 48 instruments and the commissions involved in each sale."

The invoices are not presently before the court and it cannot therefore be determined at this stage of the litigation whether they show, as claimed in the bill of particulars, "the sale of 48 instruments and the commissions involved in each sale." If they do, it may well be "tantamount to an acknowledgment that plaintiff has furnished the consideration for defendant's promises" (*Martocci* v. *Greater New York Brewery,* 301 N. Y. 57, 63, 64). This question cannot be summarily disposed of on the pleadings, but must await the trial.

The motion is accordingly denied. Submit order.