WILLIAM E. ARNSTEIN et al., Plaintiffs, *v.* LEONARD PRICE et al., Defendants, and WILLIAM E. ARNSTEIN et al., as Executors of ELSIE N. ARNSTEIN, Deceased, Interveners-Defendants.

Supreme Court, Special Term, Westchester County, December 1, 1954.

*Walter E. Beer, Jr.,* and *Chester T. Lane* for plaintiffs and interveners-defendants.

*Jack H. Hantman* for defendants.

EAGER, J. This is an action brought under article 15 of the Real Property Law, and there is involved the determination of whether plaintiffs and intervening defendants own a certain parcel of real estate specifically described in the complaint free of any interest or claim of the defendants, or whether the defendants have a valid contract to purchase the same. Since the parties were in agreement that there is no substantial dispute with respect to the facts and that only questions of law are involved, written stipulations and admissions were entered into for the purpose of supplementing the pleadings: There are here before the court, respective motions for judgment on the pleadings under rule 112 of the Rules of Civil Practice and section 476 of the Civil Practice Act, to wit, a motion on the one hand by plaintiffs and the defendants, interveners, and on the other hand a motion by defendants. On these motions, it is proper for the court to consider the " written stipulations entered into as to the facts for the purpose of supplementing the pleadings." (*Lefler* v. *Clark*, 247 App. Div. 402, 404.)

It appears that the subject premises were owned at the time of her death on April 1, 1953, by one Mrs. Elsie N. Arnstein. The three plaintiffs, who are now in possession of the land, are the owners thereof by virtue of a specific devise to them in the will of Elsie N. Arnstein. The intervening defendants are the duly acting executors under said will. The defendants, claiming a contract to purchase the premises, are the administratrix and the distributees of one Howard Price, deceased.

It is clear that in order to determine the rights of the parties, we must turn to the provisions of a contract of Mrs. Arnstein of June 9, 1950, conferring upon " Howard Price or his heirs, executors or administrators " an option to purchase the subject premises. Such title as the plaintiffs and intervening defendants acquired as devisees and executors under Mrs. Arnstein's will was subject to such provisions. Such rights as the defendants have as the administratrix and distributees of Howard Price, deceased, depend upon the construction and effect of such provisions.

In the opinion of the court, the words " or his heirs, executors or administrators " were used to indicate an intention that the option was to survive the death of Howard Price, and that, upon his death, the right to exercise it was to vest in his legal successors, that is, in those persons who thereupon would legally succeed to his estate, including this contract right. He died intestate, predeceasing Mrs. Arnstein and leaving a widow

and two infant children. The former was appointed administratrix of his estate. So, the widow, as administratrix, and the children and widow individually, as his sole distributees, were entitled to take up the option. The exercise of the same would ultimately be for the benefit of the distributees.

The terms of the option required that Mrs. Arnstein's executors, within one year of her death, execute and mail to Howard Price, a proposed contract of purchase drawn to follow the terms of sale specified in the option, and that " Howard Price or his heirs, executors or administrators may accept the offer by executing and returning the contract, at any time within 90 days of the date of its mailing, to the person or persons submitting it with the payment called for therein.'' It was further in effect provided that if the offer was not so accepted, within the ninety-day period, all obligations on the part of Mrs. Arnstein and her executors should terminate and the premises were freed from the restrictions of the option. Pursuant to such provisions, a proposed contract received from the executors was executed by the widow individually, and by her as administratrix of Howard Price, deceased, and as general guardian of the infant children. Such contract, as executed, was timely returned to Mrs. Arnstein's executors and the proper down payment was made at the same time. The executors of Mrs. Arnstein, however, claim a default and forfeiture of the option because of the failure of the administratrix and general guardian to obtain court approval of the acceptance of the option and execution of the contract of purchase. No such approval was obtained or applied for. But it is noted that the condition of obtaining such an approval was not imposed by the terms of the option. Therefore, in the opinion of the court, the executors of Mrs. Arnstein had no right to impose such a condition, and the same was not required as a condition precedent to the exercise of the option. The contract was one which the widow as administratrix and general guardian had the right to execute and deliver in the exercise of her judgment as a fiduciary. The option in favor of the decedent was an asset of the estate. The administratrix and general guardian were bound to exercise due diligence to garner the full benefit of such asset. It would not be for the court to say in advance whether the option should be accepted or rejected. It is not the function of the court to give advisory opinions to fiduciaries as to how they shall proceed in matters involving discretion or business judgment. (See *City Bank Farmers Trust Co.* v. *Smith,* 263 N. Y. 292,

295; *Matter of Griffin,* 20 N. Y. S. 2d 922; *Matter of Hotaling,* 250 App. Div. 489, and *Matter of Collord,* 80 N. Y. S. 2d 895, 897.) Of course, court approval would be required to the execution of the purchase-money bond and mortgage in behalf of the infants, but that point was not reached.

Judgment will be directed for the defendants, adjudicating that the contract of November 13, 1953, executed by the executors of Mrs. Arnstein and by the defendant Joan Price individually, and as administratrix and as general guardian is binding upon plaintiffs and the intervening defendants, and decreeing the specific enforcement of such contract by the execution and delivery of a good deed conveying to the widow and two children equal undivided interests in the premises as tenants in common, that is, upon their complying with the terms of the contract. The bond and purchase-money mortgage called for by the contract shall be executed by the widow and general guardian of the children, and the general guardian will be required to obtain the approval of the court to the execution and delivery of the same. The date for closing of title and delivery of the deed shall be fixed in the judgment, but in this connection, sufficient time shall be allowed to permit an application for court approval of the proposed purchase-money bond and mortgage. Upon default in complying with the terms of this judgment as to the payment of portion of purchase price to be paid in cash or as to execution and delivery of a duly approved purchase-money bond and mortgage, the defendants shall be divested of all claim or interest in the property. The judgment shall contain a provision that such further directions and decrees shall be entered at the foot thereof and in modification thereof or in addition thereto as the court upon application on due notice shall determine to be proper.

Settle judgment on notice. No costs.