Michael J. Devereaux & Assoc., P.C. v Tufo (2021 NY Slip Op 01507)





Michael J. Devereaux & Assoc., P.C. v Tufo


2021 NY Slip Op 01507


Decided on March 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 16, 2021

Before: Renwick, J.P., Kapnick, Oing, Moulton, JJ. 


Index No. 150497/14 Appeal No. 13344 Case No. 2020-00666 

[*1]Michael J. Devereaux & Associates, P.C., Plaintiff-Appellant,
v
John Tufo, et al., Defendants-Respondents, John Russell, etc. et al., Defendants.


Michael J. Devereaux & Associates, P.C., New York (Michael J. Devereaux of counsel), for appellant.
Rosenblatt & McGarrity, LLP, White Plains (Robert Rosenblatt of counsel), for respondents.



Order, Supreme Court, New York County (Tanya R. Kennedy, J.), entered on or about January 6, 2020, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment, unanimously affirmed, with costs.
Plaintiff failed to establish prima facie that it is entitled to the attorneys' fees and costs it seeks to recover from defendants John Tufo and Janice Tufo (Winegrad v New York Univ. Med. Ctr. , 64 NY2d 851, 853 [1985]). In an effort to establish breach of contract and account stated claims against them, plaintiff submitted evidence that it sent invoices to the Tufos that they had at least partially paid without protest. However, there are numerous issues of fact presented by the record that go to the parties' obligations and defeat plaintiff's motion as to the breach of contract claim. These include: who represented the Tufos, whether Michael Devereaux, plaintiff's principal, and defendant Sidney Baumgarten were partners, which of the two retainer agreements was effective, and whether the General Release was authorized and binding. These same factual issues regarding the parties' obligations also defeat plaintiff's motion as to the account stated claim. An "account stated can only determine the amount of indebtedness where a liability exists" (Parsons v Batchelor , 233 AD 517, 518 [1st Dept 1931]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 16, 2021