MARGARET LLOYD, as Administratrix of the Estate of CHARLES LLOYD, Deceased, Respondent, v. R. S. M. CORPORATION, Appellant, Impleaded with Another.

(Argued June 10, 1929; decided July 11, 1929.)

*Max Herschaft* and *Samuel I. Poskanzer* for appellant. The Special Term had no power to determine the questions of fact on a motion based merely on the disputed oral agreement made out of court. (*Kidder* v. *Hesselman*, 196 N. Y. Supp. 837.) The Special Term erred in granting the motion for judgment because the disputed agreement of settlement was oral. (*Mutual Life Insurance Co.* v. *O'Donnell*, 146 N. Y. 275; *Schlessinger* v. *Keene*, 88 N. Y. Supp. 1042; *Cornell* v. *Stalker*, 48 N. Y. Supp. 77.)

*Irving L. Rollins* for respondent. The Special Term properly granted summary judgment to the plaintiff upon its application. (*Lee* v. *Rudd*, 120 Misc. Rep. 407; *Potter* v. *Rossiter*, 109 App. Div. 737.)

HUBBS, J. In this action to recover damages for negligence, the plaintiff has recovered judgment on the pleadings under that part of section 476 of the Civil Practice Act which reads, "if warranted by the pleadings *or the admissions of a party or parties.*"

Upon the motion it was alleged by the plaintiff that an adjuster for an adjustment bureau entered into an oral agreement of settlement with plaintiff's attorneys of the

cause of action; that relying upon such agreement the plaintiff incurred some expense, and that the defendant thereafter refused to carry out the agreement of settlement. It was contended by the defendant that the adjuster did not have authority to bind it by an agreement of settlement made by him while acting for an adjustment bureau, also that the agreement was made relying upon false representations. The Special Term sent the matter to a referee to take proof upon the question of the adjuster's authority, and on the coming in of the referee's report awarded judgment for the plaintiff upon the so-called admissions of defendant.

The provision of the Civil Practice Act, section 476, for judgment upon an admission of a party was not intended to cover a situation like this. The Special Term is without jurisdiction to order judgment upon an oral admission made out of court, where there is a question of fact presented as to the authority of the party making the admission or as to its binding effect. The words " admissions of a party or parties " refer to admissions made in the action, and intended to be treated as a part of a pleading or made to avoid some question arising on the pleadings. The court cannot, on such a motion, upon affidavits or by a reference, examine into and determine whether a party has made an admission out of court which would constitute evidence against him upon a trial.

The judgment should be reversed and the motion denied, with costs in all courts.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgment reversed, etc.