GEORGE H. BRICK et al., Doing Business under the Firm Name of BRICK & BALLERSTEIN, Respondents, *v.* COHN-HALL-MARX COMPANY, Appellant.

Argued November 16, 1937; decided December 7, 1937.

*Milton C. Weisman* and *Melvin A. Albert* for appellant. The complaint was properly dismissed by the Special Term as outlawed by the Statute of Limitations applicable to contracts. (*Carr* v. *Thompson*, 87 N. Y. 160; *Koerner* v. *Apple*, 198 App. Div. 540; *Pamozzo* v. *Carborundum Co.*, 7 Fed. Supp. 317; *Model Building & Loan* v. *Reeves*, 236 N. Y. 331; *People* v. *Straus & Co.*, 155 Misc. Rep. 610; *New Amsterdam Casualty* v. *National Union Fire Ins. Co.*, 266 N. Y. 254; *Rogers* v. *Decker*, 131 N. Y. 490; *Keys* v. *Leopold*, 241 N. Y. 189; *Dumbadze* v. *Lignante*, 244 N. Y. 1; *Wood* v. *Young*, 141 N. Y. 211.)

*Eugene L. Bondy* and *Norman Winer* for respondents. The complaint sets forth a good cause of action for damages in fraud and deceit, against which the appropriate Statute of Limitations (subdivision 5 of section 48 of the Civil Practice Act) has not run. (*Wardell* v. *Fosdick & Davis*, 13 Johns. 325; *Ward* v. *Wiman*, 17 Wend. 193; *Whitney* v. *Allaire*, 1 N. Y. 305; *Heidenreich* v. *Doushkess*, 134 N. Y. Supp. 472; *Graham* v. *Shay*, 61 Ore. 133; *Osborn* v. *Will*, 183 Minn. 205; *Dutchess Co.* v. *Harding*,

49 N. Y. 321; *People* v. *O'Brien*, 209 N. Y. 366; *Walter* v. *Belding*, 55 App. Div. 215; *Schaffner* v. *Supply Co.*, 80 W. Va. 111; *Lord Electric Co.* v. *Barber Asphalt Paving Co.*, 226 N. Y. 427; *Ganley* v. *Troy City Nat. Bank*, 98 N. Y. 487; *Lightfoot* v. *Davis*, 198 N. Y. 261; *Schmidt* v. *Merchants' Dispatch Co.*, 270 N. Y. 287; *Hulbert* v. *Clark*, 128 N. Y. 295; *House* v. *Carr*, 185 N. Y. 453; *Lamb* v. *Clark*, 22 Mass. 193; *Abrams* v. *Roseth Corp.*, 249 App. Div. 413; *Continental Ins. Co.* v. *Mercadante*, 222 App. Div. 181.) Misrepresentation inducing a plaintiff not to sue until the Statute of Limitations has run is actionable fraud. (*Jacobs* v. *McGurk*, 242 App. Div. 612; 267 N. Y. 601; *Mills* v. *Mills*, 115 N. Y. 80; *Middleton* v. *Twombly*, 125 N. Y. 520; *Wood* v. *Young*, 141 N. Y. 211; *Abrams* v. *Roseth Corp.*, 249 App. Div. 413; *Desmaris* v. *Peoples Gas Light Co.*, 79 N. H. 195; *Cockrill* v. *Hall*, 65 Cal. 326; *Clark* v. *Amos*, 144 Kans. 115; *Ott* v. *Hood*, 152 Wis. 97; *Clinckett* v. *Casseres*, 205 App. Div. 710; *Hobaica* v. *Byrne*, 216 App. Div. 307.)

CRANE, Ch. J. On the 13th of May, 1924, the plaintiffs and the defendant entered into a contract regarding royalties to be paid upon the use of a certain package for marketing bolts of cloth. Both parties claimed patent rights, and the agreement was made to permit the use of the package pending patent litigation. The agreement provided for payment as follows:

"*First.* The first party agrees to pay to the second party 7½¢ per package for each package of bolted cotton or other goods described in said application sold or otherwise disposed of by said corporation, and 7½¢ per package for each package sold or otherwise disposed of by any of its allied and/or subsidiary firms or corporations, and one-half of all sums of money received from all persons, firms and corporations to whom or to which licenses shall be granted to use such invention, and first party agrees to pay to the second party said amount, but it is agreed that the said one-half of the receipts to be paid to the

second party by the first party shall not be less than 7½¢ per package for each package used. * * *

" *Third*. The first party agrees to keep accurate books and records showing clearly the number of said packages which shall be sold or otherwise disposed of by the first party and its allied and/or subsidiary corporations or businesses, which books shall be open to the inspection of the second party and their accountants, and the first party further agrees to render to the second party every three months, when payments shall be made as aforesaid, verified statements showing the number of packages sold or disposed of by it and/or by its affiliated and/or allied corporations and businesses during said period.

" The first party further agrees to exhibit to the second party all contracts made by the first party for the use by others of said package and all licenses which shall be granted by it, and shall also render verified statements each three months showing the sums of money received by it for said manufacture and/or use of said package during said period, and shall also at the time of making payments as hereinbefore provided pay to the second party the sums due to the second party by reason of any and all licensing agreements relating to said package.

" *Fourth*. The first party further agrees to use the said package for the purpose of merchandising and marketing its bolted cotton goods so long as there is in its opinion a reasonable market therefor."

On December 28, 1925, this agreement was modified in an unimportant detail.

The plaintiffs in this action sue the defendant for moneys due on this contract since April of 1929, claiming that the defendant kept false books, rendered false statements and made sales for which it did not account. The complaint alleges that the plaintiffs became entitled to receive under the contracts aforesaid, in addition to royalties actually received, royalties on at least 232,402 packages, to wit, the sum of at least $17,430.15.

As this action was not commenced within the six-year Statute of Limitations the plaintiffs have brought action as in fraud, alleging that the books of the defendant contained false and fraudulent entries and that the defendant falsely and fraudulently represented to the plaintiffs that it had fairly and justly paid all that was due under the contract and had accounted for all the sales that were made, and that the plaintiffs did not discover the falsity of these facts until February of 1936. The claim is that the Statute of Limitations does not begin to run upon this claim of fraud until the fraud has been discovered. Section 48 of the Civil Practice Act reads:

" The following actions must be commenced within six years after the cause of action has accrued:

" 1. An action upon a contract obligation or liability express or implied, except a judgment or sealed instrument. * * *

" 5. Any action to procure a judgment on the ground of fraud. The cause of action in such a case is not deemed to have accrued until the discovery by the plaintiff, or the person under whom he claims, of the facts constituting the fraud."

The question certified to this court is the following: " Did the cause of action alleged in the amended complaint herein accrue within the time limited by law for the commencement of an action thereon? "

The basis of the action is the contract. The claim of the plaintiffs is based upon the contract; in other words, if the defendant owes the plaintiffs any money it is because of the agreement which it made to pay royalties upon sales which were made. Even though the defendant may have falsely stated the amount of the sales and rendered false statements, the fact remains that its liability on the actual amount of sales depends upon the contract. Whether the defendant deliberately refused to make payment, thus breaching its contract, or whether through neglect

it made false statements, or whether it deliberately made false statements, the action of the plaintiffs is founded and based upon the contract, without which they would have no claim at all. The falsity of these statements and the fraud of the defendant according to the allegations amounted to a breach of the contract and were no more or less a breach of the contract than if the defendant had deliberately refused to pay or had neglected to pay. The only purpose which serves the plaintiffs in pleading the fraud is to avoid the Statute of Limitations; that is to say, the plaintiffs, within the six years, would have had the same right to recover with or without the allegations of the fraud. The fraud element is added merely to take the case without the six-year statute. This does not change the nature of the action, however, in our judgment, from an action upon contract to an action upon fraud within the meaning and purpose of this Statute of Limitations (§ 48). To say that the complaint is framed in fraud and not upon contract may be true in theory, but in applying the Statute of Limitations we look for the reality, and the essence of the action and not its mere name. Whatever we may call this action, it is, so far as the Statute of Limitations is concerned, an action upon the contract and within the six-year statute.

If there were fraud extraneous to the contract, lulling the plaintiffs into the belief that the money had been paid or would be paid, a different situation might arise. The plaintiffs in such a case would have a cause of action for the damages caused by the fraud in inducing them to let the Statute of Limitations arise. For instance, if before the statute expired the defendant had assured the plaintiffs that it had already sent a check or had paid, and the plaintiffs, relying upon such assurance, let the time elapse in which suit could be brought, we would then have an instance of extraneous fraud not in any way growing out of the contract. Such is not this case.

The rule here stated is merely an application of the decision in *Carr* v. *Thompson* (87 N. Y. 160), wherein, under similar facts, this court said: " An allegation of fraud was in no sense essential to its [cause of action] perfect and correct statement; it could stand without it; omitting every such allegation it could still successfully defy a demurrer; it cannot be said to be founded on fraud, when that element is not essential; the proof of fraud becomes only necessary as the fit answer to a possible defense " (p. 165).

The Appellate Division relied upon the case of *Jacobs* v. *McGurk* (267 N. Y. 601), where this same question arose. It is unfortunate that in that case no opinion was written; and no blame whatever attaches to the Appellate Division for having followed the ruling of the court. The fact, however, is that the point was not raised or considered in this court, as no ruling or exception permitted us to pass upon it.

The order of the Appellate Division should be reversed and the judgment of the Special Term dismissing the complaint affirmed, with costs in this court and in the Appellate Division. The question certified should be answered in the negative.

LEHMAN, O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Judgment accordingly.