## MILLER v. UNITED STATES GYPSUM CO.

### No. 214.

Circuit Court of Appeals, Second Circuit.
April 4, 1938.

William L. Clay, of Rochester, N. Y. (William L. Clay, Edward R. Murphy, and Walter F. Cherry, all of Rochester, N. Y., of counsel), for plaintiff-appellant.

Hubbell, Taylor, Goodwin, Nixon & Hargrave, of Rochester, N. Y., and Scott, MacLeish & Falk, of Chicago, Ill. (Casper V. Baltensperger, of Rochester, N. Y., and Charles M. Price, of Chicago, Ill., of counsel), for defendant-appellee.

Before MANTON, AUGUSTUS N. HAND AND CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge. This is an appeal from a judgment dismissing the amended complaint in an action to recover damages for injuries to plaintiff's intestate Frank Miller resulting from silica dust inhaled in the defendant's factory. He was employed by the defendant, United States Gypsum Company, at its plant in Oakfield, Genesee county, New York, in and prior to the year 1927. On July 30, 1935, he commenced an action against the defendant, which was dismissed because it was barred by the statute of limitations. Civil Practice Act N.Y. § 49. An appeal taken from the judgment was dismissed by this court on June 4, 1936. On June 22, 1936, a second action was instituted by Miller, but this was also dismissed because prior to the time of service of process Miller had died. Thereafter, on March 29, 1937, the plaintiff, as administratrix of the estate of Miller, commenced the present action. This last action was like-

wise dismissed on the ground that it was barred by the statute of limitations.

The pleadings in the foregoing three actions were based upon the same alleged injuries to Miller caused by the fact that he inhaled dust, gases, and fumes including silica dust, while he was employed in defendant's factory, and thereby suffered injuries to his health which ultimately resulted in his death. The pleading in the first action contained counts purporting to be based upon violations of the Labor Law of the State of New York, Consol. Laws N.Y. c. 31, nuisance, contract, and malfeasance. The second action contained the same count for violation of the Labor Law, to which was added a further count alleging fraudulent misrepresentations by the defendant as to the safety of working conditions in its plant. The present action has two counts, the first based upon violation of the Labor Law, and the second based upon fraudulent misrepresentations in respect to the safety of defendant's plant. From the judgment dismissing the third cause of action, an appeal has been taken in which the only question now raised is the propriety of the judgment dismissing the second cause of action alleging fraud. We think this cause of action, as well as the other, was rightly dismissed.

The amended complaint sets forth the employment of Miller in the defendant's factory; alleges in the first count that gases, fumes, and other impurities including silica dust in quantities tending to injure the health of the employees, were generated therein; that under the Labor Law of the State of New York, § 299, the defendant was required to provide suction devices which should remove these impurities at the point of origin where practicable by means of proper hoods connected to conduits and exhaust fans; that such fans should rotate constantly while the impurities were being generated; that during the times Miller worked in the plant it was also necessary for the defendant to provide respirators and special clothing to be worn by the workmen; and that the violation by the defendant of these statutory duties resulted in injury to Miller's health and ultimately in his death.

In the second count it is alleged in the amended complaint that the workrooms of the defendant in which it intended to employ Miller and in which he was thereafter employed were not safe and free from hazard; that throughout the term of his employment harmful dust, gases, and fumes, including silica dust, were disseminated in the atmosphere of the rooms in which he worked; that these facts were known to the defendant and that the latter willfully kept Miller in ignorance of such facts and before as well as throughout the period of his employment represented to him that the factory, work places, processes, and employment were safe and free from health hazards; that on account of such conduct by the defendant in willfully, knowingly, and fraudulently misrepresenting and concealing the true facts Miller was injured.

The amended complaint further alleged that Miller "learned on or about July 23, 1934, that the dust, gases and fumes to which he had been exposed during his employment by the defendant were in fact unhealthful."

The plaintiff contends that the cause of action for fraud was not barred until the discovery of the fraud on July 23, 1934, and consequently that the judgment dismissing the complaint should be reversed because the statutory limitation of six years from such date had not expired on March 29, 1937, when the present action was begun. But irrespective of the soundness of this argument, the court below properly dismissed the present action for the reason that the prior judgment was a bar to all causes of action asserted in the amended complaint.

On July 23, 1934, Miller was aware that the atmospheric impurities to which he had been exposed during the work in the plant were "unhealthful." Whether his injuries be regarded as due to negligence, the violation of the New York Labor Law, or to the alleged deception which he had suffered at defendant's hands, the bodily harm in each case was the same and the thing which caused it was inhaling impurities including silica dust. When he brought the first action to recover damages for his injuries on July 30, 1935, a year had elapsed since he had made the discovery that the factory conditions had been harmful and he was bound to assert any claims he had for the injuries he had suffered in the action then instituted. As Sutherland, J., said in Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 602, 71 L.Ed. 1069:

"In either view, there would be but a single wrongful invasion of a single pri-

mary right of the plaintiff, namely, the right of bodily safety, whether the acts constituting such invasion were one or many, simple or complex.

"A cause of action does not consist of facts, but of the unlawful violation of a right which the facts show. The number and variety of the facts alleged do not establish more than one cause of action so long as their result, whether they be considered severally or in combination, is the violation of but one right by a single legal wrong."

See, also, DeCoss v. Turner & Blanchard Inc., 267 N.Y. 207, 196 N.E. 28; Luce v. New York Chicago & St. Louis R. Co., 213 App.Div. 374, 211 N.Y.S. 184, affirmed 242 N.Y. 519, 152 N.E. 409.

The plaintiff's counsel argue that the language we have quoted from the amended complaint, that Miller "learned on or about July 23, 1934, that the dust, gases and fumes to which he had been exposed during his employment by the defendant were in fact unhealthful," was not the equivalent of an allegation that on July 23, 1934, Miller became aware of the fact that the alleged misrepresentations were willful. It is, however, most significant that in plaintiff's main brief on this appeal it is stated on three different occasions that the fraud was discovered in July, 1934 (pp. 3, 17). If at the time Miller became aware that the conditions to which he had been exposed were unhealthy, he then had at least some warrant for alleging that the representation that working conditions in defendant's plant were safe was intentionally false. If the plaintiff seeks to avoid the inference naturally arising from the allegations of her complaint and from the statements of her counsel, she ought to show clearly that the very date on which she relies to prevent the running of the statute was not the date of the discovery of the fraud. The count based on fraud is barred by the former judgment.

■ The cause of action set up in the second count must likewise fail because the allegations essentially do no more than to charge the defendant with liability for failing to furnish Miller with a safe place to work; in other words, they in effect only charge it with lack of due care or neglect to comply with the New York Labor Law. This was held to be the case in respect to similar counts alleging

fraud which may be found in Schmidt v. Merchants Despatch Transportation Co., 270 N.Y. 287, 200 N.E. 824, 104 A.L.R. 450, and Michalek v. United States Gypsum Co., 2 Cir., 76 F.2d 115, 117, reversed 298 U.S. 639, 56 S.Ct. 679, 80 L.Ed. 1372, on other grounds. See, also, Brick v. Cohn-Hall-Marx Co., 276 N.Y. 259, 11 N.E.2d 902.

Plaintiff's counsel argue that the fraud count in the amended complaint nowhere charges the defendant with negligence but alleges deliberate fraud in inducing Miller to work under conditions known by the defendant to be unsafe. They accordingly contend that even if the defendant had met the common-law standard of reasonable care and had conformed to the statutory requirements of the Labor Law, it still might not have furnished a place to work free from silica dust and other harmful things after fraudulently assuring Miller that his place to work was safe and free from hazards to health. It is hard to see why we are required to assume that the observance of elaborate safeguards provided by the Labor Law would still leave the factory unsafe for employees and that the representations of the defendant went beyond an assurance of conformity to statutory and common-law standards. This is especially so when the second count of the amended complaint does not allege that the defendant met all common-law and statutory standards and that in spite of this the factory produced silica dust or other impurities harmful to Miller, and it is most improbable that such a state of facts could be true and that upon the assumption Miller would not have had a safe place to work. There is the further difficulty with plaintiff's position that the New York Court of Appeals held in the Schmidt Case, and this court held in the Michalek Case (already cited), that counts almost identical with the fraud count now before us stated only a cause of action for negligence or neglect of statutory duty. We think it important for the prevention of unfounded actions that no such flimsy borderland of speculation as that involved in the assumption made by appellant's counsel should be opened to litigation. Consequently we adhere to the rule laid down in the Schmidt and Michalek decisions that actions like the present are to be regarded as based on negligence or neglect of statutory duty and hold that the allegations of fraud were in no sense

necessary or pertinent. In short, they were a superfluous addition to allegations setting up a cause of action for negligence or violation of the Labor Law, and accordingly may be disregarded. Brick v. Cohn-Hall-Marx Co., 276 N.Y. 259, 11 N.E.2d 902; Carr v. Thompson, 87 N.Y. 160.

For the foregoing reasons the judgment is affirmed.