CLARA WALD, Appellant, v. MANUFACTURERS TRUST COMPANY, Respondent.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Motion for stay denied. Present — Lazansky, P. J., Hagarty, Johnston, Adel and Close, JJ.

EDWIN J. ANHALT, Respondent, v. JOSEPH ENGLANDER, Appellant.— Order denying defendant's motion to dismiss the complaint on the ground that the causes of action set forth are barred by the Statute of Limitations affirmed, with ten dollars costs and disbursements. No opinion. Carswell, Davis and Taylor, JJ., concur; Lazansky, P. J., and Hagarty, J., dissent and vote for reversal, with the following memorandum: Plaintiff's right of action arose out of the contract determining the respective rights of the parties to the sum in question and at the time the money was paid over to defendant in accordance therewith and with plaintiff's acquiescence. Plaintiff does not allege that this contract was the result of fraud nor does he seek to rescind it. The contract defines the rights and obligations of the parties and is the basis upon which plaintiff seeks recovery. (*Brick* v. *Cohn-Hall-Marx Co.*, 276 N. Y. 259.)

ASTORIA MORTGAGE CORPORATION, Appellant, v. WILLIAM WELSH, RICHARD WELSH, Respondents, and LUDWIG BAUMANN, Defendant.— Order granting reargument and upon reargument adhering to the decision contained in the original order directing plaintiff to accept from defendants Welsh the sum of $1,351.04 in payment of part of the principal of the mortgage in accordance with the prior order of the court dated November 22, 1937, and, upon the payment of said sum, discontinuing, without costs, the plaintiff's action to foreclose its mortgage, reversed on the law, with ten dollars costs and disbursements, and defendants Welsh's motion for such relief denied, with ten dollars costs. Appeal from the original order dismissed. Upon the plaintiff-mortgagee's motion the court, pursuant to section 1077-c of the Civil Practice Act, made an order fixing the surplus produced by the mortgaged premises at $1,351.04 and directing that defendants Welsh, the mortgagors, pay such sum to plaintiff, to be applied toward the reduction of the past due principal upon plaintiff's mortgage. It clearly appears that defendants Welsh did not pay the surplus within thirty days after service of a copy of the order with notice of entry, as provided by the statute and specified in the order. Assuming the court had power to relieve defendants Welsh from this default, under the facts disclosed by this record the court should not have granted the motion and directed plaintiff to accept from defendants Welsh the surplus fixed in the order, and directed the discontinuance of the action to foreclose the mortgage upon payment of such surplus. Lazansky, P. J., Davis, Johnston, Adel and Close, JJ., concur.