GEORGE H. BRICK et al., Doing Business under the Firm Name of BRICK & BALLERSTEIN, Appellants, *v.* COHN-HALL-MARX COMPANY, Respondent.

Argued April 25, 1940; decided May 28, 1940.

*Norman Winer* and *Eugene L. Bondy* for appellants. The complaint states a cause of action. (*Van Alstyne* v. *Van Slyck,* 10 Barb. 383; *Brooklyn Public Library* v. *City of New York,* 222 App. Div. 422; 250 N. Y. 495; 1 Williston on Contracts [Rev. ed., 1936], § 208; American Law Institute, Restatement of the Law of Contracts, §§ 98, 99; *Transbel Investment Co.* v. *Venetos,* 279 N. Y. 207; *Cammack* v. *Slattery & Bro., Inc.,* 241 N. Y. 39; *Atlantic Dock Co.* v. *Leavitt,* 54 N. Y. 35; *Rusling* v. *Union Pipe & Construction Co.,* 5 App. Div. 448; 158 N. Y. 737; *Starita Co.* v. *Compagnie Havraise,* 52 Fed. Rep. [2d] 58; *Drexler-Rochester Properties, Inc.,* v. *Paris,* 236 App. Div. 409.) The demurrer determined a question of pleading and does not deprive plaintiffs of the right to plead anew. (*Richard* v. *American Union Bank,* 225 App. Div. 634; 253 N. Y. 166; *Cohen & Sons, Inc.,* v. *Lurie Woolen Co.,* 232 N. Y. 112; *Stowell* v. *Chamberlain,* 60 N. Y. 272; *Porter* v. *Kingsbury,* 77 N. Y. 164; *Hoag* v. *Town of Greenwich,* 133 N. Y. 152; *Marnell* v. *Morgan,* 65 Cal. 575; *Gilmer* v. *Morris,* 46 Fed. Rep. 333; *Bonnifield* v. *Price,* 1 Wyo. 223; *McNutt* v. *Hilkins,* 80 Hun, 235; *Jackson* v. *McWilliams Dredging Co.,* 76 Fed. Rep. [2d] 795.) No prior admissions of the plaintiffs bar this suit. (*Lloyd* v. *R. S. M. Corp.,* 251 N. Y.

318; *Lefler* v. *Clark*, 247 App. Div. 402; *Kidder* v. *Hesselman*, 119 Misc. Rep. 410.)

*Melvin A. Albert* and *Milton C. Weisman* for respondent. The Court of Appeals passed upon the contract here sued upon and held it to be a simple contract barred by the six-year Statute of Limitations upon which judgment was entered. Such judgment forever bars action upon the contract. (*Brick* v. *Cohn-Hall-Marx Co.*, 276 N. Y. 259; *Queen* v. *Benesch*, 191 App. Div. 83; *Malco Trading Corp.* v. *Mendelson-Silverman, Inc.*, 240 App. Div. 322; *Sonino* v. *Magrini*, 225 App. Div. 536; *Glahn* v. *Clark*, 251 App. Div. 747; *Classic Theatre Corp.* v. *Amster*, 123 Misc. Rep. 344; *Hollenbeck* v. *Aetna Casualty & Surety Co.*, 215 App. Div. 609; *Wille* v. *Maier*, 256 N. Y. 465; *Stowell* v. *Chamberlain*, 60 N. Y. 272; *Steinback* v. *Relief Fire Ins. Co.*, 77 N. Y. 498; *Schmidt* v. *Merchants Dispatch Transportation Co.*, 270 N. Y. 287; *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304.) A judgment having been entered predicated upon the pleaded admission of the plaintiffs in the first action that the contract here sued upon is a simple contract barred by the Statute of Limitations, plaintiffs are bound by such pleaded admission and the judgment predicated thereon is *res adjudicata*. (*Brooklyn Public Library* v. *City of New York*, 250 N. Y. 495; *Miller* v. *Union Switch & Signal Co.*, 13 N. Y. Supp. 711; 132 N. Y. 562; *Grothier* v. *Trustees of New York*, 19 App. Div. 586; *Syragusa* v. *Metropolitan Life Ins. Co.*, 248 App. Div. 809; *Levy* v. *Delaware, L. & W. R. R. Co.*, 211 App. Div. 503; *Matter of Tuduri*, 156 Misc. Rep. 317; *Matter of Miller*, 162 Misc. Rep. 563; *Ward* v. *Davega City Radio, Inc.*, 163 Misc. Rep. 335.) The contract annexed to the complaint reveals the absence of any recital therein of an intention to seal and reveals that the defendant did not affix a seal. Plaintiffs' allegations of an intention to seal by the defendant are incompetent and the judgment below dismissing the complaint should be affirmed. (*Weeks* v. *Esler*, 143 N. Y. 374; *Empire Trust Co.* v. *Heinze*, 242 N. Y. 475; *Matter of Pirie*,

198 N. Y. 209; *Transbel Investment Co.* v. *Venetos,* 279 N. Y. 207.)

FINCH, J.   This is an appeal by leave of the Appellate Division certifying that a question of law is involved which should be reviewed by this court.

Defendants move to dismiss the complaint upon three grounds, (1) under rule 106, that upon its face it fails to state a cause of action, (2) under rule 107, that a prior adjudication had determined the same cause of action between the parties, and (3) that under section 476 of the Civil Practice Act, prior admissions by plaintiffs barred this action.

To paraphrase, in brief, the complaint in the first action (*Brick* v. *Cohn-Hall-Marx Co.,* 276 N. Y. 259): it was alleged that plaintiffs and defendants entered into an agreement in writing which was annexed to the complaint, and which provided that, in order to settle patent litigation, defendant would pay to plaintiffs throughout the life of the patent so much per package for each package sold by defendant, its subsidiaries or licensees; that defendant would keep accurate books showing the number of packages used and send quarter-annually statements and royalties due; that subsequently, defendant used or licensed the use of packages exceeding 300,000 in number but paid to plaintiffs royalties on only some 67,000, thus owing plaintiffs the difference in royalties; that defendant sent statements intended to induce plaintiffs to rely thereon, and to refrain from suing, but these statements were knowingly false; that defendant kept false books to prevent detection of the falsity of the statements; that plaintiffs relied on the statements and permitted the six-year Statute of Limitations to run on the cause of action for breach of contract; that except for the fraud, plaintiffs would have sued; but because of the fraud, plaintiffs lost their right to sue for the breach, as the six-year Statute of Limitations had run; that plaintiffs subsequently discovered the fraud in February, 1936, and demanded payment of the amount due with interest. Upon appeal to this court, it was held that, in so far as the Statute of Limitations was concerned, the cause of action

was based on simple contract and was barred by the Statute of Limitations applicable to simple contracts. (*Brick* v. *Cohn-Hall-Marx Co.*, 276 N. Y. 259.)

Plaintiffs thereupon served a second complaint so as to plead that the same agreement, involved in the first action, was under seal, in that the president of defendant, in signing on behalf of defendant, adopted the seal of plaintiffs and acknowledged to a notary public that he signed and sealed the instrument by order of the board of directors of defendant. The agreement was again annexed to the complaint. Then follow allegations of the use by defendant of 300,000 packages, the rendering of accounts and payment to plaintiffs for the use of only some 67,000, thus leaving due the said amount of royalties unpaid for, with interest. In other words, this second suit is for breach of covenant. Defendant moved to dismiss this second complaint upon the grounds set forth above, and this motion was granted by the Special Term. The Appellate Division, first judicial department, unanimously affirmed the order, but granted leave to appeal to this court.

*First.* Little need be said to show that the present complaint states a cause of action. It has long been settled in this State, as well as in other jurisdictions, that one party to a contract may adopt the seal of the other party to the contract without independently affixing any seal whatsoever. (*Cammack* v. *Slattery & Bro., Inc.*, 241 N. Y. 39; *Brooklyn Public Library* v. *City of New York*, 222 App. Div. 422; affd. on other grounds, 250 N. Y. 495; *Van Alstyne* v. *Van Slyck*, 10 Barb. 383; American Law Institute, Restatement of the Law of Contracts, §§ 98, 99; 1 Williston on The Law of Contracts [Rev. ed.], § 208.) In *Cammack* v. *Slattery & Bro., Inc.* (p. 45), we said: " The original contract recited that it was under seal and while only the seal of the defendant as a matter of fact was attached, it is well settled that under such circumstances the party whose seal is not attached is to be regarded as having adopted the seal which has been affixed," and it has been stated that " A corporation as well as an actual person may adopt as its seal to a document

anything which is capable of being adopted as a seal by a natural person, even though the corporation have a special seal which it ordinarily uses." (1 Williston, *op. cit.* § 208.)

Where the instrument recites that one party has sealed, and it is not recited that the other has sealed, external evidence of an adoption may be offered and the allegations of a complaint to that effect are sufficient against demurrer. (*Brooklyn Public Library* v. *City of New York*, 222 App. Div. 422; affd., 250 N. Y. 495; 1 Williston, *op. cit.* § 208.)

*Second.* A more difficult question is whether the decision of this court in the previous case (*Brick* v. *Cohn-Hall-Marx Co.*, *supra*) between the same parties may be set up as a bar to the present action. By section 482 of the Civil Practice Act, where a final judgment dismisses the complaint before the close of the plaintiff's evidence, a new action is not prevented for the same cause unless the prior judgment expressly declares that it is rendered upon the merits.

No question of a judgment on the merits arises in the case at bar, as the complaint heretofore has been dismissed upon motion before trial on the ground that plaintiff had declared upon a simple contract, as to which he admitted the six-year statute was applicable and that that time had expired.

The granting of such a motion to dismiss corresponds to the sustaining of the old demurrer and, ordinarily, such action on the part of the court permits a plaintiff to replead his cause of action anew, upon supplying the omissions or remedying the defects, fatal to the earlier complaint or declaration. (*Richard* v. *American Union Bank*, 253 N. Y. 166; *Cohen & Sons* v. *Lurie Woolen Co.*, 232 N. Y. 112; *Hoag* v. *Town of Greenwich*, 133 N. Y. 152; *Porter* v. *Kingsbury*, 77 N. Y. 164; *Gilmer* v. *Morris*, 46 Fed. Rep. 333; 2 Freeman on the Law of Judgments [5th ed. 1925], § 745; 34 C. J. 797.)

The judgment in the first *Brick* case, however, although not upon the merits, may at least be conclusive as to the exact point raised and decided. (2 Freeman, *op. cit.* §§ 688, 745; 15 R. C. L., Judgments, § 431, p. 955.)

We must determine, therefore, whether the previous adjudication in this same case necessarily decided that the contract incorporated in the complaint in that action could not be considered under seal. Clearly, it did not. Where it does not appear from an inspection of the instrument that there was a seal affixed by the party charged with sealing, and an intention so to seal, the question whether there was a sealing is one of fact (*Transbel Investment Co.* v. *Venetos*, 279 N. Y. 207), and the allegations necessary to form a basis for proof of this must be contained in the complaint. (Civ. Prac. Act, § 241.) While the contract was annexed to the first complaint, there was no allegation that it was under the seal of defendant. Therefore, the issue as to sealing was neither posited before, nor answered by the judgment of this court. Consequently, the prior dismissal, not on the merits, is no bar to the filing of a new complaint supplying the omissions which occasioned the previous dismissal.

*Third.* Since in the prior complaint it was alleged that the six-year Statute of Limitations had barred plaintiff's suit upon the agreement and this statute would apply to a simple contract, as distinguished from a sealed obligation, it is contended that, inferentially there was an admission that there had been no sealing on the part of defendant. This alleged " admission " is the basis of the motion to dismiss under section 476 of the Civil Practice Act.

The allegation of plaintiff in the first suit, that the cause of action was barred by the six-year statute, might well be considered only the assertion of an erroneous legal conclusion. Such assertions have long been denied the dignity of an estoppel against the party making them. (*Chatfield* v. *Simonson*, 92 N. Y. 209; *Union Bank* v. *Bush*, 36 N. Y. 631; *Howell* v. *Garrett & Co.*, 218 App. Div. 322.) But even if the allegations of the first complaint be considered factual in nature, short of an election of remedies, the plaintiff is not irrevocably bound by every assertion of fact made by him in support of a legal theory which he believes will provide him with the desired remedy. (*Stowell* v. *Cham-*

*berlain*, 60 N. Y. 272; *McNutt* v. *Hilkins*, 80 Hun, 235.) For example, if the plaintiff had at first declared for breach of covenant, and had failed for lack of proof of a sealing by defendant, no one would deny the right of plaintiff to bring another action on simple contract, if the suit was timely. This shows the nature of the so-called admission. At best, as in the case at bar, the subsequently contradicted allegations may be used for the purpose of impeaching or attacking the credibility of the party who made them. (*Jackson* v. *McWilliams Dredging Co.*, 76 Fed. Rep. [2d] 795 [C. C. A., 5th, 1935].) It may not be held that the assumptions for the purposes of one suit must be considered admissions in a second, within the strict requirements for a dismissal under section 476 of the Civil Practice Act. (Cf. *Lloyd* v. *R. S. M. Corp.*, 251 N. Y. 318.)

It follows that the judgments should be reversed and the motion denied, with costs. (See 283 N. Y. 772.)

LOUGHRAN, RIPPEY, SEARS, LEWIS and CONWAY, JJ., concur; LEHMAN, Ch. J., taking no part.

Judgments reversed, etc.