CONDRA et al. v. LESLIE & CLAY COAL CO. et al.

No. 129.

United States District Court
E. D. Kentucky, at Jackson.

Jan. 10, 1952.

---

11. 6 Cir., 1931, 50 F.2d 696, 697.

12. 17 F.Supp. 327.

13. 7 Cir., 1938, 97 F.2d 762, 764.

14. 38 U.S.C.A.

Welly K. Hopkins, Harrison Combs and Willard P. Owens, all of Washington, D. C., Kenneth A. Howe, Pikeville, Ky., Henry B. Noble, Hazard, Ky., John Y. Brown and Harry B. Miller, Jr., Lexington, Ky., for plaintiffs.

Logan E. Patterson, Pineville, Ky., James Sampson, Harlan, Ky., for defendants.

Kit C. Elswick, Lexington, Ky., for defendants, J. B. Thompson and Shirley Hibbard.

Isaac Turner, Hyden, Ky., for defendant, Raymond Chitwood.

FORD, Chief Judge.

This is an action instituted by the plaintiffs Allen Condra and twenty-two other

individuals who allege that they are citizens of the United States and that during the period commencing on or about May 1, 1951, to the time of the filing of the action they were engaged in attempting to disseminate information concerning the provisions of the Labor Management Relations Act of 1947, 29 U.S.C.A. § 141 et seq., to employees of coal mine operators in Clay and Leslie Counties, Kentucky, and to assemble peaceably for the purpose of discussing the provisions of the Act and the opportunities and privileges to be gained by such employees through collective bargaining, as provided by the laws of the United States.

The complaint further alleges that the defendants, consisting of corporations and individuals engaged in the operation of coal mines in Clay and Leslie Counties, and certain state law enforcement officers of those counties, who are also joined as defendants, conspired among themselves and with others unknown, to deprive plaintiffs of their constitutional rights to equal protection of the laws and equal privileges and immunities guaranteed by the Constitution and laws of the United States by means of force, intimidation and threats, and, pursuant to such conspiracy, engaged in numerous acts of intimidation, threats and violence toward plaintiffs which have deprived them of exercising their rights and privileges as citizens of the United States. Plaintiffs seek damages and injunctive relief under the Federal Civil Rights Act, 8 U.S.C.A. § 47(3), which, so far as here pertinent, provides: "If two or more persons in any State or Territory conspire * * *, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; * * * if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators."

Jurisdiction is invoked under the provisions of 28 U.S.C. § 1343, which provides: "The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: (1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 47 of Title 8; * * *."

The defendants move to dismiss the action upon the following grounds:

(a) That the complaint fails to state a claim against defendants upon which relief can be granted;

(b) That the complaint constitutes a misjoinder of numerous separate and distinct causes of action;

(c) That the court lacks jurisdiction in that the acts complained of would constitute an invasion of plaintiffs' alleged rights only by private individuals and not by the State or any of its functionaries;

(d) That the Court lacks jurisdiction in that the rights and privileges alleged to have been invaded are not rights or privileges arising from or secured by the Constitution or laws of the United States;

(e) That the court lacks jurisdiction in that the rights and privileges alleged to have been invaded arise and are secured solely by the Labor Management Relations Act of 1947 and that exclusive jurisdiction of actions to vindicate and protect them is in the National Labor Relations Board.

The defendants' contention that the complaint asserts numerous separate and independent causes of action is apparently predicated upon the idea that the various overt acts charged to have been committed against particular plaintiffs constitute separate causes of action. It has frequently been held that the cause of action does not consist of facts but of the unlawful violation of a right which the facts show. The number and variety of overt acts alleged in the complaint are not alleged as constituting separate causes of

action but merely as facts establishing the conspiracy described in the statute. Only a single cause of action is asserted. Miller v. United States Gypsum Co., 2 Cir., 96 F.2d 69; Koss v. Plymouth Rubber Co., D.C., 9 F.R.D. 58.

■ The joinder of the individual plaintiffs in seeking the relief authorized by the statute seems to be approved by the Supreme Court in Hague v. C. I. O., 307 U.S. 496, 518, 527, 59 S.Ct. 954, 83 L.Ed. 1423.

■ The contention of the defendants that the Civil Rights Act, now 8 U.S.C.A. § 47(3), has no application to wrongful acts of individuals is derived, in the main, from Civil Rights Cases, (U. S. v. Stanley) 109 U.S. 3, 17, 3 S.Ct. 18, 25, 27 L.Ed. 835. It is interesting to note that this case qualifies such exclusion of wrongful acts of individuals by these expressions: "unsupported by state authority", "if not sanctioned in some way by the state", "unless protected in these wrongful acts by some shield of state law or state authority". The complaint alleges in substance that the conspiracy therein described was carried out and consummated by the participation of certain defendants who are law enforcement officers of the state, acting in their official capacities. It has frequently been pointed out that the action of an officer of a state "under color of state law" is action of the state within the meaning of the Fourteenth Amendment, and "misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under color of' state law". United States v. Classic, 313 U.S. 229, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368; Screws v. United States, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495; Shelley v. Kraemer, 334 U.S. 1, 68 S.Ct. 836, 92 L.Ed. 1161.

■ If the allegations of the complaint are to be believed, the individual defendants were parties to the conspiracy described in the statute, and their acts in consummating the conspiracy were supported, sanctioned and protected by state officers acting under color of state law. The individual defendants are therefore not ex-

cluded from the application of the statute. Valle v. Stengel, 3 Cir., 176 F.2d 697, 701, 703; Picking v. Pennsylvania R. Co., 3 Cir., 151 F.2d 240.

■ The question of jurisdiction which is here presented was considered by the Supreme Court in Hague v. C. I. O., 307 U.S. 496, 512, 518, 525, 526–527, 530, 59 S.Ct. 954, 83 L.Ed. 1423. The majority of the court indicated agreement that an action of this character is within the jurisdiction of the District Court by virtue of the statute under which jurisdiction is here invoked. As said by Chief Judge Magruder in City of Manchester v. Leiby, 1 Cir., 117 F.2d 661, 664, "until advised by the Supreme Court to the contrary, the best we can do, in the circumstances, is to follow the jurisdictional view set forth in the opinion in the Hague case which commanded the assent of the greater number of justices, that of Mr. Justice Stone".

For the reasons indicated, I am of the opinion that the motion to dismiss should be overruled. For the same reasons the defendants' motion to drop from the action certain parties named as plaintiffs and all parties named as defendants who are not alleged to be state officers should be overruled.

In denying the motion to dismiss, I am mindful of the view expressed in the concurring opinion of Mr. Justice Stone and Mr. Justice Cardozo in Borden's Farm Products Co. v. Baldwin, 293 U.S. 194, 213, 55 S.Ct. 187, 193, 79 L.Ed. 281, that "it is inexpedient to determine grave constitutional questions upon a demurrer to a complaint, or upon an equivalent motion, if there is a reasonable likelihood that the production of evidence will make the answer to the questions clearer."

■ As to the defendants' motion to require plaintiffs' to make a more definite statement of their cause of action, I am of the opinion that the complaint is sufficiently definite and unambiguous to enable defendants to frame a responsive pleading. If more detailed information is desirable in order to prepare for trial, the various methods of examination and discovery provided by the rules are available to the de-

fendants. The motion for more definite statement should be overruled. Fed.Rules Civ.Proc. Rule 12(e), 28 U.S.C. My views in this respect have been expressed in Slusher v. Jones, D.C., 3 F.R.D. 168.

An order will be entered in conformity herewith.