NEW DEAL SERVICE CO., INC., Respondent, *v.* HARRY REISS, Appellant, et al., Defendants.

*Per Curiam.* The action is for breach of warranty. The warranty was breached on August 19, 1946. Knowledge of the breach was available to plaintiff at any time, if only it checked with the office of the administrative agency. Sometime before November 21, 1946, plaintiff learned of the breach. We note that plaintiff does not state when it first learned of the breach, except that it was prior to November 21, 1946. The action was begun on October 15, 1952. Hence, more than six years had elapsed since the breach of the warranty. It is immaterial that plaintiff did not ascertain with certainty the quantum of its damages until February 9, 1948, more than four years before this action was begun.

Plaintiff relies on subdivision 1 of section 48 of the Civil Practice Act and under that subdivision the statute runs from date of breach, and not discovery. *Low* v. *State of New York* (202 Misc. 455, revd. 281 App. Div. 309, affd. 305 N. Y. 913) involved the running of the Statute of Limitations from the discovery of fraud, in an action based on fraud, not warranty based on contract. Apart from its fate in the appellate courts, the case is quite inapplicable. (*Brick* v. *Cohn-Hall-Marx Co.,* 276 N. Y. 259; *Guild* v. *Hopkins,* 271 App. Div. 234, 244, affd. 297 N. Y. 477.)

The order denying defendant-appellant's motion for summary judgment should be reversed and the motion granted, with costs.

Peck, P. J., Dore, Cohn, Breitel and Bastow, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant, and the motion granted. [See *post,* p. 1045.]