■ H. Novinson & Co., Inc., Respondent, v City of New York, Appellant. In the Matter of Herrick Electrical Contracting Co., Inc., Respondent, v City of New York, Appellant.—Order, Supreme Court, New York County [1st above-entitled case], entered November 18, 1975, granting plaintiff's motion to dismiss the fifth defense and counterclaim, unanimously reversed, on the law, and the motion to dismiss denied. Appellant shall recover of respondent $60 costs and disbursements of this appeal. Order, Supreme Court, New York County [2d above-entitled case], entered November 18, 1975, granting plaintiff's motion to dismiss the seventh defense and counterclaim, unanimously reversed, on the law, and the motion to dismiss denied. Appellant shall recover of respondent $60 costs and disbursements of this appeal. Plaintiffs were hired to perform certain construction work. The contracts provided payment for "rock excavation" if such work were necessary. Plaintiffs sought to recover for contract balances, change orders, delay damages and extras. In both actions, defendant's answer contained a defense, set-off and counterclaim, seeking $31,250 and $6,000 from plaintiffs H. Novinson & Co., Inc., and Herrick Electrical Contracting Co., Inc., respectively, representing amounts paid to plaintiffs, pursuant to plaintiff's requisitions, for "rock excavation" which was not performed. Further, defendant raised the defenses and counterclaims at issue, claiming fraud in inducement of those payments and seeking forfeiture of plaintiff's rights under the contract and punitive damages as penalties. Plaintiffs admit the improper billing and recognize defendant's payments made thereon. In *Brick v Cohn-Hall-Marx Co.* (276 NY 259) the issue was whether the Statute of Limitations for fraud or for contract should be imposed where plaintiff claimed fraudulent misrepresentation of sales upon which, pursuant to contract, royalties were to be calculated. The court held the contract period of limitations (which had expired) applied because the plaintiff had no claim in the absence of the contract. Here, while the relationship had its genesis in contract, the right to recover and counterclaim does not depend upon contract enforcement. Furthermore, the requests for damages seeking forfeiture and punitive relief do not render the claim insufficient. Punitive and exemplary damages are allowed when the fraud is aimed at the public generally (see *Walker v Sheldon,* 10 NY2d 401; compare *Vinlis Constr. Co. v Roreck,* 27 NY2d 687, *mot for rearg den* 27 NY2d 1006). Forfeiture of the contract proceeds, including amounts already paid to the contractors, *may* be applicable as provided in *S. T. Grand, Inc. v City of New York* (38 AD2d 467, affd 32 NY2d 300, *mot for rearg den* 33 NY2d 658) although on policy considerations somewhat different from those expressed therein. Concur—Kuperman, J. P., Lupiano, Birns, Silverman, Nunez, JJ.