**Gustave B. GARFIELD, Petitioner-Appellant,**

v.

**Leo L. LOWY et al., Respondents-Appellees.**

No. 180, Docket 24334.

United States Court of Appeals Second Circuit.

Argued Jan. 25, 1957.

Decided May 14, 1957.

Gustave B. Garfield, New York City, pro se.

Maurice V. Seligson, New York City, for respondents-appellees.

Before HINCKS, LUMBARD and WATERMAN, Circuit Judges.

PER CURIAM.

Gustave B. Garfield petitioned for the appointment of himself as receiver of the assets of the dissolved American Rolbal Corporation and Leo L. Lowy and Evelyn B. Lowy individually, pursuant to the provisions of New York Stock Corporation Law, McK.Consol.Laws, c. 59, § 106.[1] Petitioner appeals from Judge Byers' order in the Eastern District of New York dismissing the petition upon the merits under § 106 and under Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. for failure to state a claim upon which relief may be granted.

Section 106 of the Stock Corporation Law provides, with respect to dissolved corporations, that the court " * * *

---

1. This proceeding was originally brought in the Supreme Court of the State of New York, Kings County. By order to show cause a Justice thereof directed a copy to be served upon the District Director of Internal Revenue pursuant to § 106 of the New York Stock Corporation Law. Thereafter the United States Attorney removed the cause to the United States District Court for the Eastern District of New York pursuant to 28 U. S.C.A. § 1442. The United States Attorney appeared and stated that the United States took no position in the controversy.

upon the petition of the surviving directors, or a majority of them, or * * * upon the petition of a creditor * * * may * * * order and adjudge in respect of any of the following matters: * * * 7. The appointment of a receiver in a proper case * * *." Petitioner brought this proceeding in his alleged capacity as creditor and as a surviving director of the corporation.

From 1933 to 1955 petitioner was the lawyer for respondent Leo Lowy and, during its corporate existence, for the American Rolbal Corporation, in which Leo Lowy was the sole stockholder. In 1937 petitioner's law firm was retained for the purpose of organizing Rolbal, after which the corporation carried on the manufacture and sale of roller bearings in Brooklyn, New York until its dissolution in 1943. At that time Garfield was retained to dissolve Rolbal and Leo Lowy, as the sole stockholder, made Garfield a director in order to expedite dissolution. Garfield asserts this position as director as one ground to establish capacity under the statute, supra, to bring this action and the right to have his petition granted.

Following dissolution of Rolbal in 1943, respondents Leo L. Lowy and Evelyn B. Lowy, his wife, took possession of all the corporation's assets and thereafter conducted the business themselves under a registered trade name. In 1946 the Commissioner of Internal Revenue assessed deficiencies against Rolbal for the years 1941, 1942 and 1943. In subsequent Tax Court proceedings respondent Leo Lowy, with regard to income to the corporation from the sale of roller bearings, declared that certain bearings which had been sold in the name of Rolbal from 1938 through 1943 were really his personal property.

Petitioner Garfield contends that these roller bearings, claimed as Lowy's, were in fact, petitioner's property. Petitioner claims title as a consequence of certain agreements with respondents extending back to 1933. Garfield asserts that under one such agreement in 1933 he advanced some $2,300 to discharge warehouse liens on certain bearings which were turned over to Lowy for sale, the proceeds to be equally divided between Lowy and petitioner; that petitioner also recovered $25,000 worth of bearings for Lowy which were then held by the Paragon Trading Company and which, to pay for Garfield's legal services involved in the recovery, were turned over to Lowy for sale under the same agreement; and that, as attorney for Evelyn Lowy, petitioner recovered $100,000 worth of bearings from one Harold Bock, and that these bearings were to be sold by Leo Lowy for the joint account of Evelyn Lowy and petitioner, and also to pay the legal fees for said recovery.

Petitioner further claims that after these recoveries Lowy misrepresented to him that the bearings were worthless because they were insufficiently case hardened and that Lowy subsequently fraudulently concealed from petitioner that from 1937 to 1943 Lowy actually sold these bearings for Rolbal, the corporation receiving cash therefor amounting to about $200,000. It is alleged that these monies passed to respondents along with all the other assets of Rolbal after dissolution.

■ If petitioner ever had any claim against Rolbal in contract or assumpsit for the value or the proceeds of the sale of petitioner's bearings, the claim accrued prior to 1944, and has long been time-barred. A claim in contract is not governed by § 48, subdivision 5 of the New York Civil Practice Act nor by the case of Mannaberg v. Klausner, 1945, 294 N.Y. 859, 62 N.E.2d 487, on which appellant relies. Against such a claim the statutory time begins to run on accrual,— not discovery of fraud. Brick v. Cohn-Hall-Marx Co., 1937, 276 N.Y. 259, 11 N.E.2d 902, 114 A.L.R. 521. Thus petitioner has no standing *as a creditor* to file the petition: even if a receiver for Rolbal were to be appointed and should recover assets from the Lowys the petitioner would have no standing to share in the distribution of such recovery.

■ The charges that the Lowys and Rolbal defrauded petitioner (1) by con-

cealing the transfer of his bearings to Rolbal and (2) by telling him that the bearings were worthless, even if true, do not constitute the petitioner a *creditor of Rolbal.* On the allegations of the petition, as against Rolbal as well as against the Lowys, the petitioner at most stands as a tort claimant,—not as a creditor within the purview of § 106.

■ Whether the petitioner has standing under § 106 of the New York Stock Corporation Law *as a majority* of the surviving directors is doubtful,—especially so in view of the allegations in paragraph 4 of the petition and paragraph 20 that the petitioner and Lowy are the *sole* surviving directors. But assuming that as a director the petitioner had standing to apply for a receiver, in view of the facts alleged in the petition the application was wisely denied. For by paragraph 15 of the petition it is alleged that the petitioner and the Commissioner of Internal Revenue are the only creditors of Rolbal. As pointed out above, the petitioner, not being a creditor cannot participate in any recovery which Rolbal, through a receiver, might obtain against the Lowys. Consequently, the Commissioner would be the only beneficiary of such action and he, through the United States Attorney, has disclaimed interest in the proceedings. Doubtless he considered that a receivership would add nothing to the more drastic and expeditious remedies provided by federal law for the collection of taxes.

■■ Having rightly refused a receiver for Rolbal, it was right for the court below to dismiss the petition as it did not state a claim on which relief could be granted. Rule 12(b), Fed. R.Civ.Proc. For the petition, brought under the New York Stock Corporation Law, may not serve as a plenary action brought by the petitioner to compel the Lowys to account to himself individually or to the Commissioner of Internal Revenue. Moreover, the misrepresentations alleged, even if proved in a plenary action, would not entitle the petitioner to the accounting which he sought.

Affirmed.