■ GUSTAVE B. GARFIELD, Respondent, v. LEO L. LOWY et al., Appellants. — In an action to recover damages for breach of a contract pursuant to which plaintiff, an attorney at law, was to receive one half the proceeds of the sale of certain bearings, defendants appeal from so much of an order of the Supreme Court, Suffolk County, dated November 23, 1960, as denied their motion, pursuant to rule 112 of the Rules of Civil Practice, for judgment on the pleadings dismissing the amended complaint, on the ground that the action is barred by the Statute of Limitations and on the further ground that the action is *res judicata* by virtue of a final order rendered by the Federal court on the same cause in a prior action between the parties (*Garfield* v. *Lowy*, 245 F. 2d 132). Order insofar as appealed from reversed on the law, with $10 costs and disbursements; defendants' motion under rule 112 for judgment on the pleadings dismissing the amended complaint, granted on the ground that the action is barred by the Statute of Limitations; and amended complaint dismissed, with costs. No questions of fact have been considered. The action is within the purview of subdivision 1 of section 48 of the Civil Practice Act, as one based on a contract right to share in the proceeds of sales. It was not essential to the sufficiency of the cause to allege that fraudulent representations of worthlessness lulled plaintiff into foregoing timely prosecution of his rights. Accordingly, the limitation period commenced from accrual and not from discovery of the alleged fraud (*Brick* v. *Cohn-Hall-Marx Co.*, 276 N. Y. 259; *Wechsler* v. *Bowman*, 285 N. Y. 284, 293; *Cohen* v. *Hughes*, 291 N. Y. 698; *Lever* v. *Guaranty Trust Co. of N. Y.*, 262 App. Div. 1044). Nolan, P. J., Beldock, Ughetta, Christ and Brennan, JJ., concur.