■ WILLIAM BENSON, Respondent, v BOSTON OLD COLONY INSURANCE COMPANY, Appellant.—Order of the Supreme Court, New York County (Walter M. Schackman, J.), dated August 14, 1986, is modified, on the law, to the extent of denying plaintiff's claims for additional first-party benefits, upon the payment received by him in June 1976, as barred by the Statute of Limitations, and otherwise affirmed, without costs or disbursements.

On December 6, 1975, plaintiff, while a pedestrian, was struck by an automobile insured by defendant carrier. Plaintiff applied for, and he received, no-fault benefits. Payment for the period from December 6, 1975 through April 6, 1976 was received in June 1976 and payment for the period April 6, 1976 through February 6, 1977 was received October 27, 1977. A third claim for benefits is still pending.

Plaintiff had received $800 monthly, which was deemed the maximum benefit at that time for lost earnings. In 1980, the Court of Appeals, in *Kurcsics v Merchants Mut. Ins. Co.* (49 NY2d 451), decided that under Insurance Law § 671 (now § 5102), a covered person who sustained lost earnings of more than $1,000 per month could recover as first-party no-fault benefits 80% of actual lost earnings up to a maximum of $1,000 per month. In *Gurnee v Aetna Life & Cas. Co.* (55 NY2d 184), the Court of Appeals held that *Kurcsics* should be accorded full retroactive effect as to all claims not barred by the Statute of Limitations.

This action was commenced by plaintiff on January 11, 1983

for the additional $200 per month plus interest, pursuant to statute.

The sole stipulated issue before the Supreme Court was whether plaintiff's action was barred by the six-year Statute of Limitations (CPLR 213). That court rejected defendant's contention that that statute began to run on the date of the accident, December 6, 1975. It held that the cause of action accrued and the statute began to run on October 27, 1977, the date when the plaintiff received the last payment based on the $800 monthly. Accordingly, the Statute of Limitations did not bar the plaintiff's claims.

This is a breach of contract action for the carrier's failure to pay the full amount due and owing under section 671 of the Insurance Law. The applicable Statute of Limitations is, therefore, six years (CPLR 213 [2]). The general rule is that the Statute of Limitations in an action on a contract begins to run at the time of breach of the agreement *(Garfield v Lowy,* 12 AD2d 936, *affd* 9 NY2d 942).

Insurance Law § 5106 (a) (formerly § 675 [1]) sets forth defendant carrier's obligation to pay first-party benefits: "Payments of first-party benefits and additional first-party benefits shall be made as the loss is incurred. Such benefits are overdue if not paid within thirty days after the claimant supplies proof of the fact and amount of loss sustained. If proof is not supplied as to the entire claim, the amount which is supported by proof is overdue if not paid within thirty days after such proof is supplied."

Plaintiff herein made three applications for lost earnings. Each was independent of the others based upon "proof of the fact and amount of loss sustained". Thus, each would have an independent accrual date. This, pursuant to the above-cited statute, is when payment from the insurer first becomes overdue, i.e., 30 days after the claimant supplies proof of the fact and amount of loss *(see, Micha v Merchants Mut. Ins. Co.,* 94 AD2d 835).

Clearly, since the payment on the first claim was made in June 1976 for the period ending April 6, 1976, plaintiff's claim for the additional $200 monthly as to that payment accrued over six years from the commencement of this action. Further, as to the second payment received October 27, 1977 for the period ending February 6, 1977, plaintiff obviously submitted "proof of the fact and amount of loss sustained" after February 6, 1977. Thus, the statute did not begin to run for the second claim until 30 days after the date of that submission, within the six-year Statute of Limitations.

Accordingly, we modify solely to deny plaintiff recovery for additional first-party benefits as to his first claim, as barred by the Statute of Limitations. Concur—Murphy, P. J., Ross, Asch and Smith, JJ.