OPINION OF THE COURT
Memorandum.
Order unanimously modified by providing that plaintiffs motion to strike defendant’s first affirmative defense is granted; *169 as so modified, affirmed without costs.
There is no dispute that a conflict exists between New York’s six-year statute of limitations for commencing lawsuits for additional first-party benefits (see, CPLR 213; Benson v Boston Old Colony Ins. Co., 134 AD2d 214) and Pennsylvania’s four-year statute of limitations for commencing such lawsuits (see, 75 Pa Cons Stat Ann § 1721 [a]). The contract herein was negotiated and entered into in Pennsylvania, by plaintiffs wife, for a vehicle that was garaged and registered in Pennsylvania. Pursuant to the insurance policy, Pennsylvania was listed as plaintiffs wife’s residence. Plaintiff, however, contends that he and his wife resided in New York on the date of the accident. Nevertheless, they apparently failed to notify defendant of their change in residence, and the vehicle was still registered in Pennsylvania on the date of the accident.
In Auten v Auten (308 NY 155, 160-161) the Court of Appeals developed a “center of gravity” or “grouping of contacts” approach which gave controlling effect to the law of the state that has “the most significant relationship to the transaction and the parties” (see, Restatement [Second] of Conflict of Laws § 188 [1]). In addition to the traditional determinative factor of the place of contracting, the places of negotiation and performance, the location of the subject matter, and the domicile or place of business of the contracting parties are also to be considered (see, Restatement [Second] of Conflict of Laws § 188 [2]). In certain instances, however, “the policies underlying conflicting laws in a contract dispute are readily identifiable and reflect strong governmental interests, and therefore should be considered” (see, Matter of Allstate Ins. Co. [Stolarz — New Jersey Mfrs. Ins. Co.], 81 NY2d 219, 226). Significantly, “[a]utomobile insurance, highly regulated as it is, may implicate both the private economic interests of the parties and governmental interests in the enforcement of its regulatory scheme” (see, Matter of Allstate Ins. Co. [Stolarz—New Jersey Mfrs. Ins. Co.], supra at 226-227).
Upon application of a “center of gravity” or “grouping of contacts” analysis, as well as consideration of New York’s strong governmental policy interest in assuring that persons involved in vehicular accidents within its borders receive no-fault benefits based on New York’s minimum financial requirements, we find that New York law controls. Accordingly, plaintiffs motion to strike defendant’s first affirmative defense of the statute of limitations is granted.
Patterson, J.P., Golia and Rios, JJ., concur.