*788 OPINION OF THE COURT
Peter P. Sweeney, J.
In this action to recover assigned first-party no-fault benefits pursuant to Insurance Law § 5101 et seq., plaintiff Alleviation Supplies Inc. moves for summary judgment. Defendant, Enterprise Rent-A-Car, a self-insurer, opposes the motion and cross-moves to dismiss the action on the ground that it was not commenced within the three-year statute of limitations contained in CPLR 214 (2), which governs actions “to recover upon a liability . . . created or imposed by statute.” The issue presented is whether the applicable statute of limitations is the three-year statute contained in CPLR 214 (2) or the six-year statute contained in CPLR 213 (2), which governs actions upon contractual obligations or liabilities. For the reasons set forth below, the court holds that the applicable statute of limitations is CPLR 214 (2).
Background
Plaintiff commenced the within action by service of a summons and complaint on May 23, 2005. Defendant interposed an answer to the complaint on June 8, 2005, wherein it asserted a multitude of affirmative defenses including the defense that the action was barred by the statute of limitations.
In support of its motion for summary judgment, plaintiff demonstrated that on May 24, 2000, the claim, setting forth the fact and the amount of the loss sustained, was submitted to the defendant and that the defendant has yet to pay the claim. Plaintiffs submissions included a copy of defendant’s denial of claim wherein defendant admitted receiving the claim on May 25, 2000. In opposition to the motion and in support of its cross motion, defendant maintains, inter alia, that the action was not commenced within the applicable statute of limitations and should be dismissed. Defendant submitted an affidavit from its senior no-fault administrator who averred that the defendant is a “self insured entity.” Defendant maintains that a self-insurer’s liability to pay first-party benefits is a liability created or imposed by statute, not by contract, and that the applicable statute of limitations is CPLR 214 (2), which provides for a three-year limitations period for “an action to recover upon a liability, penalty or forfeiture created or imposed by statute except *789 as provided in sections 213 and 215.",[1] Defendant contends that the action accrued either on the date benefits became overdue or on the date defendant issued its denial, which occurred first, and that commencement of the action on May 23, 2005 was untimely as matter of law.
Discussion
Plaintiff established its prima facie entitlement to summary judgment by demonstrating that it submitted the claim, setting forth the fact and amount of the loss sustained, and that payment of no-fault benefits was overdue (see Insurance Law § 5106 [a]; Mary Immaculate Hosp. v Allstate Ins. Co., 5 AD3d 742 [2004]; Amaze Med. Supply v Eagle Ins. Co., 2 Misc 3d 128[A], 2003 NY Slip Op 51701[U] [App Term, 2d & 11th Jud Dists 2003]). To withstand the motion, it was incumbent upon the defendant to submit competent proof raising a triable issue of fact (Alvarez v Prospect Hosp., 68 NY2d 320 [1986]) or establishing a bona fide defense as a matter of law. Here, defendant established a bona fide defense as a matter of law, i.e., that the action was untimely commenced.
In 1973, the Legislature enacted the Comprehensive Automobile Insurance Reparations Act (see L 1973, ch 13), now known as the “Comprehensive Motor Vehicle Insurance Reparations Act” (Insurance Law § 5101 et seq.), which is commonly referred to as the No-Fault Law. The No-Fault Law was enacted in derogation of the common law (Walton v Lumbermens Mut Cas. Co., 88 NY2d 211, 214 [1996]) for the primary purpose of assuring “that every auto accident victim will be compensated for substantially all of his economic loss, promptly and without regard to fault” (Matter of Granger v Urda, 44 NY2d 91, 98 [1978]). To that end, the No-Fault Law created a statutory scheme for the payment of first-party benefits to eligible persons. Pursuant to that scheme, liability for the payment of first-party benefits was imposed upon both insurers and self-insurers (Insurance Law § 5103 [a] [1]; Dermatossian v New York City Tr. Auth., 67 NY2d 219, 224 [1986]). A self-insurer includes “any person, firm, association or corporation that . . . maintains a form of financial security other than an owner’s automobile insurance policy in satisfaction of article 6 or 8 of the Vehicle and Traffic Law” (11 NYCRR 65-2.1 [a]). The other acceptable forms of financial security permitted under article 6 *790 or 8 of the New York Vehicle and Traffic Law include financial security bonds, financial security deposits and “qualification as a self-insurer under section three hundred sixteen of this article” (see Vehicle & Traffic Law § 312 [a]; Guercio v Hertz Corp., 40 NY2d 680, 684 [1976]).
Insurance Law § 5103 (a) imposes liability for the payment of first-party benefits upon insurers by requiring that “[e]very owner’s policy of liability insurance issued on a motor vehicle in satisfaction of the requirements of article six or eight of the vehicle and traffic law shall also provide for . . . the payment of first party benefits . . . .” Insurance Law § 5103 (a) imposes the same liability upon self-insurers by requiring that “[e]very owner who maintains another form of financial security on a motor vehicle in satisfaction of the requirements of [article six or eight of the vehicle and traffic law] shall be liable for . . . the payment of first party benefits . . . .”
Pursuant to Insurance Law § 5103 (d),[2] the Legislature empowered the Superintendent of Insurance to promulgate regulations establishing minimum benefit standards for policies of insurance providing coverage for the payment of first-party benefits and to set standards for the payment of first-party benefits by self-insurers. Pursuant to this authority, the Superintendent promulgated Insurance Department Regulations (11 NYCRR) § 65-1.1, which sets forth the basic form of the “Mandatory Personal Injury Protection Endorsement” which must be included in every owner’s policy of liability insurance issued on a motor vehicle in this state. Insurance Law § 5103 (h) provides that “[a]ny policy of insurance obtained to satisfy the financial security requirements of article six or eight of the vehicle and traffic law which does not contain provisions complying with the requirements of this article, shall be construed as if such provisions were embodied therein.”
*791 With respect to self-insurers, the Superintendent promulgated Regulation 68-B (11 NYCRR 65-2.1 et seq.), which sets forth the rights and liabilities of self-insurers with respect to the payment of first-party benefits. Although the Mandatory Personal Injury Protection Endorsement and Regulation 68-B impose essentially the same liabilities for the payment of first-party benefits, a self-insurer’s liability arises solely from the No-Fault Law and the regulations promulgated thereunder, while an insurer’s liability arises from a policy of insurance containing the Mandatory Personal Injury Protection Endorsement or which must be construed as containing the Mandatory Personal Injury Protection Endorsement. Although this distinction is unimportant for most purposes, for the purpose of determining the applicable statute of limitations, this distinction is crucial. While an action to recover first-party benefits owed under a policy of insurance containing the Mandatory Personal Injury Protection Endorsement is properly viewed as a breach of contract governed by the six-year statute of limitations contained in CPLR 213 (2) (see Benson v Boston Old Colony Ins. Co., 134 AD2d 214, 215 [1st Dept 1987]; see also, Micha v Merchants Mut. Ins. Co., 94 AD2d 835 [3d Dept 1983]; Gurnee v Aetna Life & Cas. Co., 55 NY2d 184, 193 [1982]), there is no logical reason to view an action against a self-insurer as a breach of contract action, in that the self-insurer’s liability derives solely from statute and regulations promulgated pursuant to statute. Clearly, defendant’s liability in this case “would not exist but for a statute” (Aetna Life & Cas. Co. v Nelson, 67 NY2d 169, 174 [1986]), and since there is no contract of insurance pursuant to which plaintiff may be entitled to coverage for payment of first-party benefits, the court holds that the action is “an action to recover upon a liability . . . created or imposed by statute” and is controlled by the three-year limitation period contained in CPLR 214 (2).
Here, defendant admitted receiving the claim on May 25, 2000. The action accrued no later than 30 days thereafter, the date benefits became overdue {Benson, supra, 134 AD2d at 215). Commencement of the action on May 23, 2005 was therefore untimely as a matter of law.
Accordingly, it is hereby ordered that plaintiffs motion for summary judgment is denied and defendant’s motion to dismiss is granted.

. Neither CPLR 213 nor 215 apply to this case.

. Insurance Law § 5103 (d) provides:
“Insurance policy forms for insurance to satisfy the requirements of subsection (a) hereof shall be subject to approval pursuant to article twenty-three of this chapter. Minimum benefit standards for such policies and for self-insurers, and rights of subrogation, examination and other such matters, shall be established by regulation pursuant to section three hundred one of this chapter.”
Article 23 of the Insurance Law deals with property and casualty rates. Insurance Law § 301 is the enabling statute granting the Superintendent of Insurance broad power to prescribe regulations interpreting and implementing the provisions of the Insurance Law.